# Frank L. Denison v. State of Texas ex rel James V. Allred, Attorney General, et al.

Application No. 19729.   Decided May 31, 1933.
(61 S. W., 2d Series, 1022.)

*Ocie Speer* and *Lon Curtis*, both of Austin, for plaintiffs in error.

*James V. Allred,* Attorney General, and *F. O. McKinsey,* Assistant Attorney General, for defendants in error.

■■ PER CURIAM.—We agree with the Court of Civil Appeals that the subject matter of this suit is a justiciable one, and that the District Court of Travis County had jurisdiction of this case. We are also of the opinion that in order for the plaintiff in error, Denison, to have legally qualified as Highway Commissioner it was necessary for his nomination to the office to be confirmed by the Senate; that is, *"two-thirds of the Senate present"* must first have consented before his appointment to the office could become effective. Such are the plain provisions of Article 4, Section 12, of the Constitution. The Court of Civil Appeals in its opinion quotes this section, and we deem it unnecessary to copy it here.

On February 1, 1933, the Governor addressed a communication to the Senate, reading as follows:

"Executive Department,
Austin, Texas, Feb. 1, 1933.
"To the Texas State Senate:
"I ask the advice and confirmation of the Senate in the appointment of the following:
"F. L. Denison of Bell County, to be Chairman of the State Highway Commission, for the six year term, beginning February 15th, 1933."

The Senate Journal contains a record of the action of the Senate on this communication, which reads:

"Committee Room.
Austin, Texas, Feb. 8, 1933.
"Hon. Edgar E. Witt, President of the Senate.
"Sir: We, your Committee on Governor's Nominations, beg to report that we have had under consideration the appointment of the Hon. F. L. Denison of Bell County, Texas, to be a member of the State Highway Commission, and I am instructed as Chairman of the committee to report back with recommendations that the said appointment be in all things confirmed.

"Martin, Chairman.

"Not Confirmed."

On February 8, 1933, the Secretary of the Senate addressed a communication to the Governor, which read:

"SENATE CHAMBER
Forty-third Legislature
Austin
February 8, 1933.
"Hon. Miriam A. Ferguson, Governor,
"Executive Office,
"Austin, Texas.
"Dear Governor:
   "I am directed by the Senate to inform you that the Senate has refused to confirm the following nomination recently submitted to the Senate:
   "Hon. F. L. Denison of Bell County, as a member of the State Highway Commission.
                                    "Very truly yours,
                                      "(Signed) Bob Barker,
BB-bp                               "Secretary of the Senate."

▉ It will be noted that the entry in the Senate Journal with reference to the action of the Senate on the nomination of Mr. Denison is very brief, in fact two words, following the recommendation of the Committee, which words are: *"Not Confirmed."*

It will also be noted that the language used by the Secretary of the Senate is that he was *"directed by the Senate"* to inform the Governor *"that the Senate has refused to confirm"* Hon. F. L. Denison as a member of the State Highway Commission. (All italics ours).

Mr. Denison's nomination was twice sent to the Senate, and there are other Journal entries and communications similar to those we have quoted; but the language employed to state the facts as to the action of the Senate was the same in each instance. We think the language used by the Senate Journal, *"Not confirmed,"* and that of the Secretary of the Senate, to the effect that *"the Senate has refused to confirm"*'Mr. Denison's nomination as a member of the Highway Commission, is to be interpreted in the light of the constitutional provision which declares, under the facts existing in this instance, that the nomination of Mr. Denison *"shall be with the advice and consent of two-thirds of the Senate present."* Interpreting the Journal entry in the light of this constitutional provision, there can be no mistake as to its meaning;—that is, by the words *"Not confirmed"* the Journal Clerk of the Senate intended to, and did, record the fact that Mr. Denison's nomination to the office of Highway Commissioner had not been confirmed by *"the advice and consent of two-thirds of the Senate present."*

The only way the Senate could confirm him was for *"two-thirds of the Senate present"* to advise and consent thereto. When the Senate Journal declared he was *"Not confirmed"* it could only mean that two-thirds of the Senate had not *advised and consented* to his appointment.

The same remarks may be appropriately made with reference to Mr. Barker's communication. Mr. Barker stated in his letter to the Governor that the Senate had directed him to inform her *"that the Senate has refused to confirm"* Mr. Denison's nomination as Highway Commissioner. This language, in the light of the Constitution, plainly means that the nomination of Mr. Denison had not been advised or consented to by two-thirds of the Senate present.

As said by Cooley, with reference to the Legislature:

"Whenever it is acting in the apparent performance of legal functions, every reasonable presumption is to be made in favor of the action of the legislative body; it will not be presumed in any case from the mere silence of the Journals that either House has exceeded its authority or disregarded a constitutional requirement in the passage of legislative acts unless where the Constitution has expressly required the Journals to show the action taken, as, for instance, where it requires the yeas and nays to be entered." Cooley's Const. Lim. (8th ed.), Vol. 1, pp. 277-279.

True it is that the Senate Journal might have appropriately contained the actual number of votes cast for and against the nomination of Mr. Denison for Highway Commissioner, and that the Senate, in entire harmony with its desire to make its sessions executive, and consistently with its rules, could have recorded and certified the actual number of votes, as suggested above. In fact, we are strongly inclined to the view that such a record would be the safer and better practice. Of course the Governor and the Governor's appointee are entitled to know whether or not the appointee has been confirmed by a vote of "two-thirds of the Senate present," and a proper Journal record should be so plain as to disclose this fact. However, interpreting what the Senate Journal does contain in the case before us, and what its Secretary said in his letter, in the light of the constitutional provision there is no doubt as to the meaning intended,—which was that Mr. Denison did not receive two-thirds of the votes of the Senate present when his nomination was acted upon by that body.

We would have quite a different case if we had before us a contention that Mr. Denison did receive a two-thirds vote of

the Senate present; that the letter of Mr. Barker, its Secretary, was incorrect; and that the Journal entry, to the effect that he had not been confirmed, was untrue. We would then be confronted with a very delicate and important question (not necessary to be determined here), as to whether or not the courts may go behind the Journal entries of the Senate. Here, however, there is no question of the inaccuracy or incorrectness of the Journal entry, or of the letter of the Secretary of the Senate. There is no contention before us that Mr. Denison received a two-thirds vote of the Senate present, or that he received less than a majority vote.

As stated by Judge Speer, counsel for Mr. Denison, in the argument before the trial court:

"This suit is brought largely for the purpose of determining a nice question of law, whether or not a majority vote of the Senate will confirm an appointee of the Governor's, or whether it requires a two-thirds majority."

So, in the instant case it is apparent that the Journal entry and the letter of Mr. Barker to the Governor are each quite sufficient for the purpose of informing all interested that Mr. Denison did not receive a two-thirds vote of the Senate present. Their accuracy as to that is not challenged.

In view of the conclusions of the Court of Civil Appeals on the questions stated above, with which, as we have stated, we find ourselves in accord, the other issues pass out of the case.

The admissibility of additional evidence to show the actual vote for and against Mr. Denison's confirmation is a matter of no importance; because, had the evidence been admitted, it would have shown that only a majority, and not *"two-thirds of the Senate present,"* voted for his confirmation; would have added nothing to the legal effect of the evidence already before the court, and would not have affected the result in the least.

The controlling questions in this case were those of the jurisdiction of the District Court and the constitutional question we have just discussed. These the Court of Civil Appeals quite correctly resolved there against Mr. Denison, and because of the court's decision on these two questions only we have refused the application for writ of error.

Writ of error refused.