

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 30, 1957

Honorable Penn J. Jackson
Chairman, State Board of Insurance
Austin, Texas

Opinion No. WW-324

Re: Questions concern-
ing the constitu-
tionality of con-
firmation by the
Senate of the State
of Texas of the
appointment of the
Commissioner of In-
surance by the State
Board of Insurance.

Dear Judge Jackson:

You have requested an opinion on the following
questions:

1. Is the appointment of a Commissioner
of Insurance by the State Board of Insurance
subject to "the advice and consent of the Senate
of Texas", or is such a provision calling for
confirmation by the Senate unconstitutional?

2. Assuming that confirmation by the Senate
is valid, is a simple majority vote of the members
of the Senate present and voting sufficient for con-
firmation of the Commissioner of Insurance, and,
if not, what percentage of vote is necessary?

3. Assuming that in the above two questions
it is held that confirmation by the Senate is
necessary and that the appointee has not received
the requisite number of votes as determined in
your second answer, thereby causing the rejection
of the appointment, may the appointee hold office
until his successor has been appointed and qualified
in accordance with Article XVI, Section 17, of
the Texas Constitution?

May I state at the beginning that the above
questions that you have requested an opinion on are questions
of first impression and have never been passed on or determin-
ed by a Texas Court. Furthermore, there are few Texas cases
which have dealt either directly or indirectly with the

subject that you have presented for consideration. With this statement in mind and in reply to your request, I submit the following information:

Article II, Section 1, of the Constitution of the State of Texas provides that:

"The powers of the government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." (emphasis added)

The above Article is commonly referred to as the distributing of power clause of the Texas Constitution. It expresses the fundamental principle of American and Texas government, the Doctrine of Separation of Powers. By express words the Article divides and distributes the powers of the Texas government into three distinct departments: the legislative, executive, and judicial. Article II further expresses this principle when it states that "no person or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." (emphasis added); so it may be stated then that Article II, Section 1, divides and distributes the powers of the government into three distinct departments and prohibits one department from exercising power that by its nature belongs to another department, except in instances where the Constitution expressly permits such exercise of power. Walker v. Baker, 196 S.W.2d 324, 328.

Referring to Article II, Section 1, one writer has aptly and, we think, correctly stated:

"Thus, it is not exactly correct to state the principle of separation of powers as absolutely prohibiting performance by one department of acts which by their essential nature belong to another. Rather, the correct statement is that a department may constitutionally exercise any power whatever its essential nature, which has, by the constitution, been delegated to it; but that it may not

exercise powers not so constitutionally granted
which from their essential nature do not fall with-
in its division of governmental functions." Vernon's
Ann. Tex. Const. Art. 2, sec. 1, Interpretive
Commentary, Vol. 1, p. 525.

Thus, considering the above Article and propositions,
and in order to answer the first question, it is necessary to
determine the nature of the governmental power conferred upon
the Senate and to determine if the Constitution has granted such
power to the Senate. Article 1.09, Section (a), of the Insur-
ance Code provides:

"The Board shall appoint a Commissioner of
Insurance, by and with the advice and consent of
the Senate of Texas, who shall be its chief executive
and administrative officer, who shall be charged with
the primary responsibility of administering, enforcing,
and carrying out the provisions of the Insurance Code
under the supervision of the Board. He shall hold his
position at the pleasure of the Board and may be dis-
charged any time."

The Texas Supreme Court has stated that under our Con-
stitution the power to make appointments is executive and not
legislative. State v. Manry, 118 Tex. 449, 16 S.W.2d 809. The
Supreme Court of Texas has also declared that the confirmation
or rejection of appointees to public office is an executive
function. Walker v. Baker, 196 S.W.2d 324. While there may
be instances in which the powers of appointment and confirma-
tion are properly exercisable by the legislative branch as an
adjunct to its legislative power, we think it is clear that
the power to confirm or reject the appointment of officers
attached to some other branch of government is executive in
nature and is a non-legislative power. Therefore, in order
for the Legislature to confer this non-legislative power upon
the Texas Senate, there must be some provision in the Constitu-
tion which expressly permits such delegation of power.

Article IV, Section 12, of the Texas Constitution
provides:

"All vacancies in State or district offices,
except members of the Legislature, shall be filled,
unless otherwise provided by law, by appointment
of the Governor, which appointment, if made during
its session, shall be with the advice and consent
of two thirds of the Senate present. If made during
the recess of the Senate, the said appointee, or

some other person to fill such vacancy, shall
be nominated to the Senate during the first
ten days of its session. If rejected, said
office shall immediately become vacant, and the
Governor shall, without delay, make further nom-
inations until a confirmation takes place. But
should there be no confirmation during the session
of the Senate, the Governor shall not thereafter
appoint any person to fill such vacancy who has
been rejected by the Senate, but may appoint some
other person to fill the vacancy until the next
session of the Senate or until the regular elec-
tion to said office, should it sooner occur.
Appointments to vacancies in offices elective
by the people shall only continue until the first
general election thereafter."

The above Article expressly places the executive
function of appointing State and district offices in the
Governor, unless otherwise provided by law. The Article,
by granting to the Senate the power to confirm or reject
appointments when made by the Governor, has also provided
that the executive power of appointing such officials shall
be shared with the Senate. This grant of a non-legislative
power to the Senate is an instance in which one department
of the government exercises a power that is "properly
attached" to another department. Such exercise of a non-
legislative power by the Senate is an instance that is
"expressly permitted" by the Texas Constitution. It is to
be noted, however, that the appointment in question is not
one made by the Governor, which the Constitution expressly
permits the Senate to confirm, but the appointment in
question is one that is made by the Texas Insurance Board,
an administrative agency. Article IV, Section 12, does not
expressly grant authority to the Senate to confirm an appoint-
ment made by a source other than the Governor unless the
phrase in Article IV, Section 12, "unless otherwise pro-
vided by law" can be held to grant to the Senate such ex-
press authority.

Examining the wording of Article IV, Section 12,
it is noted that Article IV, Section 12, reads "which appoint-
ment. . . shall be with the advice and consent of two-thirds
of the Senate present." The use of the words "which appoint-
ment" has a definite meaning. It is a well-known rule both
of statutory construction and of English grammar that the
use of such words as "which," "such," etc., in connection
with a subject, refers directly back to the immediately pre-
ceding subject matter. Petroleum Casualty Company v.

Williams, 15 S.W.2d 553; State v. Houston Oil Company, 194 S.W. 422; 39 Tex.Jur. 195. The immediately preceding subject matter in this Article is the "appointment of the Governor." Therefore, it is reasonable to hold that the phrase "shall be with the advice and consent of the Senate" refers only to appointments made by the Governor. In the case of Denison v. State, 61 S.W.2d 1017, error refused, 61 S.W.2d 1022, the court stated that Section 12 of Article IV of the Constitution is plain, clear, unambiguous, and capable of but one construction and that the clause "unless otherwise provided by law" refers to the nominating authority and has no reference to the advice and consent of two-thirds of the Senate present. The court said:

> "We think the language of section 12, art. 4, of the Constitution is plain, clear, unambiguous, and capable of but one construction. That the clause 'unless otherwise provided by law' refers to the nominating authority, and has no reference to 'the advice and consent of two-thirds of the senate present.' This language clearly contemplates that the Legislature may, should it see fit, provide by law for the filling of offices created by it otherwise than by appointment by the Governor, and that in such event confirmation by the Senate is not essential."

It is, therefore, our opinion that the phrase "unless otherwise provided by law" does not grant to the Legislature a right to confer upon the Senate the non-legislative power of confirming an appointment made by a source other than the Governor.

Upon further examination of the Constitution we find that there is no general provision which expressly permits the Senate to confirm appointments to a public office made by a source other than the Governor. On the contrary, in instances where the Senate has been granted the authority to confirm or reject appointments made by a source other than the Governor, such authority has been specifically and expressly granted in the Constitution. As one example, consider the provisions for the Board of Pardons and Paroles which is as follows:

> " . . . . One member of said board shall be appointed by the Governor, one member by the Chief Justice of the Supreme Court of the State of Texas and one member by the presiding Justice of the Court of Criminal Appeals; the appointments

of all members of said board shall be made
with the advice and consent of two thirds
of the Senate present." (Article IV,
Section 11, Board of Pardons and Paroles)

The above Article, by spelling out the power of
the Senate to confirm appointments made by a source other
than the Governor, seems to bear out the fact that the
framers of the Constitution recognized and followed the
principle stated in Article II, Section 1, that no depart-
ment shall exercise powers that are properly attached to
another department unless the Constitution expressly per-
mits such exercise of power.

Therefore, because the confirmation and rejection
of the appointment of the Insurance Commissioner is a non-
legislative power, and such grant of power to the Senate is
not expressly permitted by the Constitution of Texas, the
conferring to the Senate of this power by Article 1.09,
Section (&), of the Insurance Code is in violation of
Article II, Section 1, of the Texas Constitution and is
therefore unconstitutional.

Because we are of the opinion that confirmation of
the appointment of the Insurance Commissioner by the Senate
is unconstitutional, there is no necessity to answer the
second and third questions of your request.

### SUMMARY

The provision of Article 1.09, Section (a),
of the Insurance Code which provides that the
appointment of the Insurance Commissioner by the
Insurance Board shall be confirmed by the Senate
is in violation of Article II, Section 1, of the
Constitution of Texas and is therefore unconstitu-
tional.

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman
John Webster
C. K. Richards
Mary K. Wall

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Wm. V. Geppert

Yours very truly,

WILL WILSON,
Attorney General of Texas

By *Richard B. Stone*

Richard B. Stone
Assistant