

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 15,1957

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW 190

Re: Claim of $799.81 of Frank
M. Jackson, Secretary-
Director of the Teachers
Retirement System

You have referred to this office for advise as to the authority of the Legislature to make an appropriation to pay the above captioned claim. We are treating your reference as an official opinion request.

The Fifty-fifth Legislature has made an appropriation to Mr. Jackson in the amount above indicated to pay his claim. The claim is based upon Mr. Jackson's salary as Secretary-Director of the Teachers Retirement System for the full month of March, 1957, in the sum of $750.00 and $175.00 for seven days for the month of April. This claim is for the net salary for the month of March in the sum of $624.81 and $175.00 for seven days in the month of April, aggregating a total of $799.81 which sum was appropriated by the Legislature. This $175.00 will be subject to the usual deductions.

You submitted an affidavit of Mr. Jackson which reveals most of the facts, but some are added which we have obtained from The Teachers Retirement System. We quote the pertinent part of Mr. Jackson's affidavit.

"I was appointed Executive Secretary-Director of Teacher Retirement System of Texas by the State Board of Trustees, Teacher Retirement System of Texas on March 1, 1957 at a monthly salary of $750.00. I assumed my duties as of March 1, 1957. The Chairman of the Board of Trustees of the Teacher Retirement System told me I would be paid from March 1, 1957.

"On March 31, 1957, I received a State Warrant in the net amount of $624.81.

"I was confirmed by the State Senate on April 8, 1957. On April 9, 1957, Robert S. Calvert, State Comptoller of Public Accounts called me and advised that I should repay the Teacher Retirement System the amount of the warrant plus $15.00 Teacher Retirement, $16.99 Social Security and $93.20 withholding tax for

March 1957. I have complied with the request of the
State Comptroller in returning the full amount of
$750.00.

"This claim is made for the March 1957 net
salary plus an additional 7 days in April in the
gross amount of $175.00, making a total of $799.81."

We add the resolution taken from the minutes of the Teachers
Retirement Board, dated February 28, 1957, which is as follows:

"Mr. Frank Jackson of San Angelo, Texas, was
unanimously elected as Executive Secretary to fill
the position of Mrs. B. B. Sapp."

Sub-sec (f) of Sec. 12 of Article 2922-1 Vernon's Civil Statutes
provides as to the executive duty in part as follows:

"He shall recommend and nominate to the State
Board of Trustees such actuarial and other service
as shall be required to transact the business of the
Retirement System."

Sub-sec. (a) of Sec. 12 of Article 2922-1 Vernon's Civil Statutes
is as follows:

"The general administration and responsibility
for the proper operation of the Retirement System and
for making effective the provisions of this Act are here-
by vested in a State Board of Trustees, which shall con-
sist of seven members who shall be appointed as follows:"

Mr. Jackson assumed his duties as Executive-Secretary on
March 1, 1957, and has continuously served in that capacity. When he
assumed his duties on March 1, 1957, he did not take an oath of office
nor is any required of him by any provision of the law governing the
Teachers Retirement System. He did give a bond in the sum of
$25,000.00 payable to the State Board of Trustees as provided in
Sub-section 2 of Sec. 16 of Art. 2922-1 V.C.S. Under date of March
12, 1957, Mr. Jackson's appointment as Executive Secretary was sub-
mitted to the Senate for confirmation or rejection and the same was
confirmed by the Senate on April 8, 1957.

Mr. Jackson took the usual constitutional oath of office, al-
though the statute nowhere required him to take an oath, and the
Governor issued a commission to Mr. Jackson on April 10, 1957

Our answer as to the validity of this appropriation depends upon whether Mr. Jackson is an officer of the State, as distinguished from an employee of the Board or more properly speaking an employee of the State. If an officer of the State, then for the purpose of this opinion we assume the provision of the statute requiring confirmation by the Senate is valid. But since his appointment was while the Legislature was in session and was submitted to the Senate while in session his appointment as an officer of the State, if he is one, was not complete until confirmed by the Senate. There would be no legal basis to pay him as such officer until his appointment was completed by confirmation of the Senate.

In 81 C.J S. 1001, we find this language:

"The governor, in exercising his power of appointment must, if the law so requires, act in conjunction with another body, and he cannot exercise the power of appointment alone, but must obtain proper confirmation of his appointment before such appointment is valid;. . ."

In support of this statement from the text is cited Denison v. State, 61 S.W.2d 1017 (Civ. App 1933 Error Ref.) Denison v. State ex rel Allred, 122 Tex. 459, 61 S.W.2d 1022 (1933). The rule is clearly stated in the case of McBride vs. Osborn, 127 Pac. 2d, 134 Supreme Court of Arizona in the following language:

". . .The approval of the senate is just as necessary as the action of the executive to complete the appointment and give the appointee any right whatever to take over the office and discharge its duties. In McCall v. Cull, 51 Ariz. 237, 75 P. 2d 696, 699, the court used the following language in discussing an appointment to the Live Stock Sanitary Board, which the law requires to be done with the advice and consent of the Senate:

" '* * * Under this statute, his power to appoint is in conjunction with the Senate. The two must concur. The Governor cannot exercise the power alone. He may put into motion this joint power by first appointing the officer, but such appointment is ineffective until and unless ratified or confirmed by the Senate.***' "

In brief if Mr. Jackson's appointment by the Board of Trustees is to an office of the State as distinguished from an employee he had no legal right to assume the duties of the office until his confirmation was completed. The appointment was made while the Legislature was in session. It would, therefore, follow that if he was appointed an officer of the State and prematurely assumed that office he would have no right to compensation prior to confirmation.

If Mr. Jackson is an employee of the State, as distinguished from an officer, the appropriation is valid for he assumed his duties as such employee on March 1st, and is entitled to be paid out of the appropriation available to the State Retirement System to pay for such services, which he has faithfully discharged from March 1st up to the present date.

We have reached the conclusion that Mr. Jackson is not an officer of the State but an employee and that his confirmation by the Senate was not required and the attempt of the Legislature to require it is invalid and unconstitutional.

The most recent decision by the Supreme Court on the subject and the distinction to be made between an officer and an employee is stated in the case of Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578 (1958) stated in this language:

> "We think, that the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." (Emphasis added)

What separate and independent functions of the government are conferred upon Mr. Jackson to be exercised by him for the benefit of the public independent of the control of the Board? The answer is none unless we can say that the following from the statute (Sec. 12 Art. 2922 V.C.S.) is all sufficient: "he shall recommend and nominate to the State Board of Trustees such actuarial and other service as shall be required to transact the business of the Retirement System." This activity is still subject to and subordinate to the Board. Moreover, the above quoted Sub-sec. (a) of Section 12 of the Statute (Art. 2922 V.C.S.) vests the administration and responsibility for the proper operation of the Retirement System and for making effective the provision of the law setting up the System, in the Board of Trustees.

Mr. Jackson is at all times subject to the control and direction of the Board of Trustees and possesses little or no authority independent of the Board. The statute (Art. 2922 V.C.S.) does not fix any limitations upon his tenure as Executive Secretary. This being true, he serves at the pleasure of the Board, whereas if he be an officer of the State his term would be limited to filling out the unexpired term of his predecessor. Her term could not exceed two years by virtue of Sec. 30 of Article XVI of the Constitution of Texas which provides in part as follows: "The duration of all offices not fixed by this Constitution shall never exceed two years;. . ." He could not be removed except for cause and then would be entitled to a trial by jury. Knox et al v. Johnson, 141 S.W.2d, 698 (1940 Writ Ref.)

The only alternative for removal of an officer of the State is by impeachment. In brief if he be an officer of the State he does not serve at the discretion of the appointive power. If an employee he does.

This brings us to the question: Must his appointment by the Board be submitted to and confirmed or rejected by the Senate? If that part of the statute requiring this is valid, regardless of whether he is an officer or employee, then it must be obeyed. The provision of the Constitution pertinent herein dealing with filling vacancies in state and district offices is Sec. 12 of Art. IV of the Constitution of Texas which is as follows:

> "Sec. 12. All vancancies in State or district offices, except members of the Legislature, shall be filled unless otherwise, provided by law, by appointment of the Governor, which appointment, is made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall continue until the first general election thereafter." (Emphasis added)

There is no special constitutional provision dealing with the Executive-Secretary of the Teachers Retirement System. Hence it is referable to the foregoing provision, if it is applicable. It seems quite clear to us, by the express wording of this provision of the Constitution, it applies only to vacancies in State and district offices and has no application to State employees, regardless of whether appointment is made by the Governor or by some other appointive authority under that portion reading as follows:  "shall be filled unless otherwise provided by law."  The Courts have held that the next proceeding provision applies to appointive authority and not to the provision requiring confirmation or rejection by the Senate. In other words this provision permits the filling of vacancies in state offices by other authorities than

the Governor; but it does not follow that such appointments must be confirmed by the Senate. This is the express holding in case of Denison v. State, 61 S.W. 2d 1017 (1933 Error ref.) expressed in the following language:

> "We think the language of section 12, art. 4, of the Constitution is plain, clear unambiguous, and capable of but one construction. That the clause 'unless otherwise provided by law' refers to the nominating authority, and has no reference to 'the advice and consent of two-thirds of the senate present.' This language clearly contemplates that the Legislature may, should it see fit, provide by law for the filling of offices created by it otherwise than by appointment by the Governor, and that in such event confirmation by the Senate is not essential." (Emphasis added)

The power of confirmation by the Senate is not Legislative but Executive. The Supreme Court has so held in the case of Walker v. Baker, 145 Tex. 121, 196 S.W. 2d 324 (1946) as follows:

> "Confirmation or rejection of the Governor's appointments is an executive function expressly delegated to the Senate. Denison v. State, Tex. Civ. App., 61 S.W. 2d 1017, error refused. To that extent it represents a permitted invasion by one branch of the Legislature of that field of power which is confided to the executive department by Art. II, Sec. 1, of the Constitution."

Sec. 12 of Art. IV of the Constitution of Texas conferring this limited executive power upon the Senate constitutes an exception to Sec. 1 of Art. II of the Constitution of Texas, which is as follows:

> "Section 1. The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, towit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." (Emphasis added)

If Mr. Jackson is an officer of the State he was appointed by the proper authority, and the statutory requirement of submission of his appointment to the Senate for confirmation or rejection we as-

sume for the purpose of this opinion is valid. But it seems quite clear to us that if Mr. Jackson is an employee as distinguished from an officer of the State that Sec. 12 of Art. IV of the Constitution of Texas affords no constitutional basis for Senate action upon his appointment for the simple reason that State employees are not covered by that section of the Constitution or any other insofar as confirmation or rejection of the appointment is concerned. Sec. 12 of Art. IV of the Constitution of Texas may not be enlarged to embrace employees when they are not covered by it and any legislative attempt to invoke the action of the Senate by confirmation or rejection as to employees would be a clear violation of Sec. 1 of Art. II in that the Senate would be discharging executive functions clearly forbidden by that section. Walker vs. Baker, 145 Tex. 121, 196 S.W. 2d 324 (1946). What was said by the Supreme Court in an early case, Houston Tap & B.R. Company vs. Randolph, 24 Tex. 317 is appropriate here.

> "The second article of the constitution provides that 'the powers of the government of the State of Texas, shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, towit, those which are legislative to one, those which are executive to another, and those which are judicial to another; and no person or collection of persons, being of one of these departments shall exercise any power, properly attached to either of the others, except in the instances herein expressly permitted. O. & W. Dig. 14. Here is a direct prohibition of the blending of the departments. It contemplates that the persons employed in each department, will be wise enough, and honest enough, to discharge the duties intrusted to them, without the aid or interference of the others. And it is a full warrant for each department to disregard and repel such volunteer and unauthorized aid and interference. For as before said, each one of these departments acts under a delegated limited authority, and if one exceeds its authority, by usurping powers not belonging to it, its act is a nullity, not binding upon the other departments, and may be totally disregarded by them."

We do not mean to imply that the position of the Executive-Secretary of the Teachers Retirement System is not an important position; indeed it is. It is one of honor and trust and, of course, of emolument, but it does not rise to the stature of an officer of the state in any sense in which confirmation by the Senate could be constitutionally required.

We, therefore, hold that Mr. Jackson is not a State Officer but an employee and that the statutory provision requiring the sucmission of his appointment by the Board to the Senate for confirmation is void and unconstitutional in that it violates Sec. 1 of Art. II of the Constitution of Texas, which says "and no person or collection of persons being of one of the departments shall exercise any power properly attached to either of the others".

Mr. Jackson's appointment has been valid from its inception and he is entitled to his salary for the period of time it has been withheld from him and you have the authority to issue a warrant pursuant to the appropriation made by the Legislature to pay the same.

### SUMMARY

The appointment of a state employee as distinguished from an officer of the state does not require confirmation by the Senate under Sec. 12 of Art. IV of the Constitution of Texas and an Act of the Legislature requiring such confirmation is invalid and unconstitutional. A state employee is entitled to receive his salary from inception of his appointment regardless of any statutory requirement for confirmation.

Very truly yours,

WILL WILSON
Attorney General of Texas

By L. P. Lolla
Assistant

LPL/fb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

C. K. Richards

Marvin Thomas

John Lennan