

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 10, 1963

Honorable John Connally
Governor of Texas
Austin, Texas

Opinion No. C- 57

Re: Under the facts stated,
whether the Governor
is precluded from ap-
pointing a Criminal
District Attorney of
Polk County.

Dear Governor Connally:

You have requested an opinion from this Department
concerning the office of Criminal District Attorney of Polk
County and ask if, under the facts stated below, you are pre-
cluded from making an appointment to such office or if a
vacancy exists at the present time which would authorize you
to make such appointment.

The facts concerning this request are as follows:

On June 19, 1962, Governor Daniel appointed
Samuel W. Freas as Criminal District Attorney of
Polk County to fill the unexpired term of Claude
Ray Bailey, resigned. Mr. Freas took the oath of
office and received his commission which expired
December 31, 1962.

At the general election of November, 1962,
Sidney H. Adams was elected Criminal District At-
torney of Polk County. On December 1, 1962, Mr.
Adams resigned as Criminal District Attorney with-
out having served a day in that office.

On December 27, 1962, Governor Daniel appointed
Samuel W. Freas as Criminal District Attorney of Polk
County to succeed Sidney H. Adams, resigned. Mr. Freas
took the oath of office and received his commission.

-280-

On January 8, 1963, while still in office, Governor Daniel submitted the name of Mr. Freas to the Senate for confirmation to fill the unexpired term of Claude Ray Bailey as Criminal District Attorney of Polk County. However, there was no sub-mission of the name of Mr. Freas to the Senate for confirmation to fill the unexpired term of Mr. Adams.

The Texas Constitution, Section 12, Article IV, expressly provides for the manner of filling vacancies in State or district offices. It states as follows:

"All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

The Constitution, therefore, clearly requires that every appointment by the Governor to fill a vacancy in a State or district office be made with the advise and consent of two-thirds of the Senate. See Denison v. State, 61 S.W.2d 1017, (Tex.Civ.App. 1933, error ref.), 122 Tex. 459, 61 S.W.2d 1022 and 34 Tex.Jur. 374-381, Public Officers, Sections 32-34. We also observe that in this instance, Governor Daniel's appointment of Mr. Freas to fill Mr. Adams' unexpired term was made during a recess of the Senate, and that as such the nomination is required to be made during the first ten days of the Senate session by Section 12, Article IV.

It is our opinion, therefore, that the failure to submit Mr. Freas for Senate confirmation to fill the unexpired term of the elected Sidney H. Adams, resigned, creates a vacancy at the present time within the meaning of Section 12 of Article IV. The fact that Mr. Freas' name is presently pending confirmation to fill the unexpired term of Claude Ray Bailey would not preclude such an appointment of your choice.

## S U M M A R Y

An appointment to fill a vacancy in a State or district office requires the confirmation of two-thirds of the Senate. In the absence of such nomination to the Senate, a vacancy exists which authorizes the Governor to make an appointment of his choice to that office and submit such appointee for confirmation by the Senate.

Sincerely,

WAGGONER CARR
Attorney General

Paul Phy
Assistant

PP:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
J. S. Bracewell
Edward Moffett
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY:Albert Jones