

# The Attorney General of Texas

August 16, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

i220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ed Howard
Chairman
Subcommittee on Nominations
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No.  JM-58

Re:   Senate   confirmation   c
agency heads

Dear Senator Howard:

You ask us:

> May the legislature require senate confirmation
> for heads of agencies of the executive branch of
> government created by statute?

You do not indicate about which agencies you are concerned, nor do yc
indicate whether those "heads of agencies" are officers or employees
You do indicate that you are concerned only about heads of agencies i
the executive department created by statute who are not appointed k
the governor.  Since you raise no question concerning district c
local officers, no discussion touching them is necessary.  We concluc
that article IV, section 12 of the Texas Constitution clearly empowei
the senate to confirm the appointment of heads of agencies in tl
executive department who occupy state offices appointed by tl
governor.  However, any attempt by the legislature to require senat
confirmation of heads of agencies in the executive department who ai
employees or who are officers appointed by persons other than tl
governor would violate article II, section 1 of the Texɛ
Constitution, the so-called "separation of powers" provision.

Article IV, section 12 of the Texas Constitution provides i
pertinent part:

> All vacancies in State or district offices, except
> members of the Legislature, shall be filled unless
> otherwise provided by law, by appointment of the
> Governor, which appointment, if made during its
> session, shall be with the advice and consent of
> two-thirds of the Senate present.

Article II, section 1 of the Texas Constitution sets forth tl
following:

> Section 1. The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted. (Emphasis added).

We note at the outset the generally limited nature of the governmental power conferred upon the senate. The power to make appointments is executive and not legislative. State v. Manry, 16 S.W.2d 809, 813 (Tex. 1929). The confirmation power exercised by the senate is not a legislative power, but rather an expressly delegated executive power. Walker v. Baker, 196 S.W.2d 324, 328 (Tex. 1946); Denison v. State, 61 S.W.2d 1017, 1021 (Tex. Civ. App. - Austin), writ ref'd, 61 S.W.2d 1022 (Tex. 1933).

> To that extent it [i.e. the power to confirm or reject gubernatorial appointments] represents a permitted invasion by one branch of the Legislature of that field of power which is confided to the executive department by Art. II, Sec. 1, of the Constitution. Under those circumstances there is no ground for relator's contention that the power asserted in this case exists because not expressly prohibited. It being a power ordinarily and intrinsically belonging to another department of the government, . . . and the means and time for its exercise being provided in Art. III, Sec. 5, supra, no other or different means can be implied . . . . In other words, since the Constitution specifies the circumstances under which the Senate may defeat the Governor's appointments, there is an implied prohibition against its power to add to those circumstances . . . . "The declaration (of Art. II, Sec. 1) is that the executive, legislative, and judicial departments shall exist, -- this is the fiat of the people, -- and neither one nor all of the departments so created can enlarge, restrict or destroy the powers of any one of them, except as the power to do so may be expressly given by the constitution." (Emphasis added).

Walker v. Baker, supra, at 328.

Logically only four possible situations give rise to questions concerning the senate's confirmation power of heads of agencies in the executive department under the Texas Constitution. The first situation involves an officer who is a state or district officer, and who is appointed by the governor. The second situation involves someone who is not a state or district officer and who is appointed by the governor. Because you ask about someone who is not appointed by the governor, we need not address these situations. The third situation involves someone who is a state or district officer but who is not appointed by the governor. The fourth situation involves someone who is not a state officer and who is not appointed by the governor. The third and fourth situations are the ones which we shall discuss.

The third situation involves state officers in the executive department not appointed by the governor. In the absence of a constitutional provision to the contrary, the legislature can provide for means of appointment other than by the governor. Denison v. State, supra, at 1020. See Attorney General Opinion V-1132 (1950) (legislature provided that appointment to vacancy on Texas Citrus Commission to be by quorum of remaining members of commission).

Any attempt by the legislature to require senate confirmation of a state officer in the executive department appointed by someone other than the governor is, however, unconstitutional. In Attorney General Opinion WW-324 (1957), this office concluded that a statute which required senate confirmation of a commissioner of insurance who is appointed by the State Board of Insurance violated article II, section 1 of the Texas Constitution, the "separation-of-powers" provision, and was therefore unconstitutional. Relying on Walker v. Baker, supra, the opinion declared:

> While there may be instances in which the powers of appointment and confirmation are properly exercisable by the legislative branch as an adjunct to its legislative power, we think it is clear that the power to confirm or reject the appointment of officers attached to some other branch of government is executive in nature and is a non-legislative power. Therefore, in order for the Legislature to confer this non-legislative power upon the Texas Senate, there must be some provision in the Constitution which expressly permits such delegation of power.

Attorney General Opinion WW-324 (1957). The opinion noted that while article IV, section 12 expressly delegates such a power, it appertains only when the appointment in question is one made by the governor, not one that is made by an administrative agency. This office then concluded that there is no general provision which expressly permits

senate confirmation of an appointment made to the executive department other than by the governor, and that any instances in which the senate has been granted authority to confirm such appointments have been specifically and expressly granted in the constitution. See, e.g., Tex. Const. art. IV, §11 (concerning appointment to Board of Pardons and Paroles).

It has been suggested that Attorney General Opinion WW-324 (1957) relies on mere dicta from Walker v. Baker in reaching its conclusion. We agree that the issue in the Walker case was whether the senate could lawfully convene of its own motion to consider recess appointments made by the governor, not whether the legislature could require senate confirmation of state or district officers in the executive department appointed by someone other than the governor. However, we decline to characterize the court's discussion as mere dicta for two reasons. First, the extensive discussion in the Walker case is the only instance in which the Texas Supreme Court has discussed this specific issue. It affords us the only guidance that we have. Second, the proposition set forth in the Walker case as to the limited nature of the senate's confirmation power is in accord with the rule of law in other jurisdictions. See, e.g. Myers v. United States, 272 U.S. 56 (1926); Bradner v. Hammond, 553 P.2d 1 (Alaska 1976); Wittler v. Baumgartner, 144 N.W.2d 62 (Neb. 1966); Tucker v. State, 35 N.E.2d 270 (Indiana 1941); State v. Dowling, 120 So. 593 (La. 1928); People v. Shawver, 222 P. 11 (Wyo. 1924).

It has further been suggested that the legislature may inherently, by means of enabling legislation, reserve to itself the power of confirmation or rejection of appointments to an office in the executive department not a state or district office. Simply put, the argument is that, if the legislature has the power to create the office or agency, it is concomitantly empowered to create the means of filling it. We disagree.

This office considered such an argument in Attorney General Opinion WW-324 (1957) and explicitly rejected it. Because the discussion is particularly apposite, we quote it in extenso:

> Examining the wording of Article IV, Section 12, it is noted that Article IV, Section 12, reads "which appointment . . . shall be with the advice and consent of two-thirds of the Senate present." The use of the words "which appointment" has a definite meaning. It is a well-known rule both of statutory construction and of English grammar that the use of such words as "which," "such," etc., in connection with a subject, refers directly back to the immediately preceding subject matter. Petroleum Casualty Company v. Williams, 15 S.W.2d 553; State v. Houston Oil Company, 194 S.W. 422;

39 Tex. Jur. 195. The immediately preceding subject matter in this Article is the "appointment of the Governor." Therefore, it is reasonable to hold that the phrase "shall be with the advice and consent of the Senate" refers only to appointments made by the Governor. In the case of Denison v. State, 61 S.W.2d 1017, error refused, 61 S.W.2d 1022, the court stated that Section 12 of Article IV of the Constitution is plain, clear, unambiguous, and capable of but one construction and that the clause "unless otherwise provided by law" refers to the nominating authority and has no reference to the advice and consent of two-thirds of the Senate present. The court said:

> "We think the language of section 12, art. 4, of the Constitution is plain, clear, unambiguous, and capable of but one construction. That the clause 'unless otherwise provided by law' refers to the nominating authority, and has no reference to 'the advice and consent of two-thirds of the senate present.' This language clearly contemplates that the Legislature may, should it see fit, provide by law for the filling of offices created by it otherwise than by appointment by the Governor, and that in such event confirmation by the Senate is not essential."

> It is, therefore, our opinion that the phrase "unless otherwise provided by law" does not grant to the Legislature a right to confer upon the Senate the non-legislative power of confirming an appointment made by a source other than the Governor.

We reaffirm the rationale and conclusion of Attorney General Opinion WW-324 (1957) with respect to this issue and conclude that any attempt by the legislature to require senate confirmation of heads of agencies in the executive department who are appointed other than by the governor is an impermissible violation of article II, section 1 of the Texas Constitution.

The final situation giving rise to questions regarding the scope of the senate's confirmation authority involves persons who are not state officers in the executive department, but rather state employees. In WW-190 (1957), this office considered, inter alia, the

constitutionality of a statute which required the secretary-director
of the Teachers Retirement System to be confirmed by the senate.  The
secretary-director was appointed by the board of trustees of the
system.  The opinion concluded that the secretary-director was an
employee, not an officer, for which no confirmation by the senate is
necessary, and that, moreover, any attempt by the legislature to
require such confirmation was invalid and unconstitutional.

> It seems quite clear to us, by the express wording
> of this provision of the Constitution [art. IV,
> sec. 12], it applies only to vacancies in State
> and district offices and has no application to
> State employees, regardless of whether appointment
> is made by the Governor or by some other
> appointive authority under that portion reading as
> follows:  "shall be filled unless otherwise
> provided by law."

Relying on Walker v. Baker, supra, Denison v. State, supra, and
article II, section 1 of the Texas Constitution, this office declared:

> Sec. 12 of Art. IV of the Constitution of Texas
> affords no constitutional basis for Senate action
> upon his appointment for the simple reason that
> State employees are not covered by that section of
> the Constitution or any other insofar as
> confirmation or rejection of the appointment is
> concerned.  Sec. 12 of Art. IV of the Constitution
> of Texas may not be enlarged to embrace employees
> when they are not covered by it and any
> legislative attempt to invoke the action of the
> Senate by confirmation or rejection as to
> employees would be a clear violation of Sec. 1 of
> Art. II in that the Senate would be discharging
> executive functions clearly forbidden by that
> section.  (Emphasis added).

We find the reasoning of Attorney General Opinion WW-190 (1957)
compelling and confirm again its conclusion.

It is a generally recognized principle of constitutional law that
where a power is expressly given by the constitution and the means by
or the manner in which it is to be exercised is prescribed, such means
or manner is exclusive of all others.  Walker v. Baker, supra at 327;
Parks v. West, 111 S.W. 726, 727 (Tex. 1908); White v. State, 440
S.W.2d 660, 665 (Tex. Crim. App. 1969).  Moreover, when the
constitution defines the circumstances under which a right may be
exercised, the specification is an implied prohibition against
legislative interference to add to the condition.  Walker v. Baker,
supra at 327; Ferguson v. Wilcox, 28 S.W.2d 526, 531 (Tex. 1930);

Arnold v. Leonard, 273 S.W. 799, 802 (Tex. 1925); Lytle v. Halff, 12 S.W. 610, 612 (Tex. 1889).  In order that the senate's confirmation power come into play under article IV, section 12 of the Texas Constitution, two conditions precedent must be met:  first, that the person appointed must be appointed to a state or district office in the executive department; and second, that the person be appointed by the governor.

## S U M M A R Y

Article IV, section 12 of the Texas Constitution empowers the senate to confirm or reject the appointments by the governor of heads of agencies in the executive branch who are state officers.  Any attempt by the legislature, however, to enlarge such power by extending it to include heads of agencies in the executive branch who are employees, who are not state or district officers, or who are state or district officers not appointed by the governor, constitutes an impermissible violation of article II, section 1 of the Texas Constitution.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
Susan Garrison
George Gray
Jim Moellinger
Nancy Sutton