OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 22, 2001

The Honorable Jeff Wentworth
Chair, Redistricting Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0345

Re: Whether members of the board of directors of the Texas State Affordable Housing Corporation are state officers whose gubernatorial appointments must be made with the advice and consent of the Texas Senate (RQ-0284-JC)

Dear Senator Wentworth:

You ask whether members of the board of directors of the Texas State Affordable Housing Corporation ("AHC") are state officers whose gubernatorial appointments must be made with the advice and consent of the Texas Senate pursuant to article IV, section 12 of the Texas Constitution. Whether the governor's appointment of members of the AHC board of directors must be made with the advice and consent of the Texas Senate depends upon whether they are "state officers" within the meaning of that provision. We conclude that the AHC board members are "state officers" and that their appointments are therefore subject to senate confirmation.

Article IV, section 12 of the Texas Constitution provides that all vacancies in "State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law by appointment of the Governor." TEX. CONST. art. IV, § 12(a). All such appointments made by the governor are made with or confirmed by "the advice and consent of two-thirds of the Senate present." *Id.* § 12(b), (c). When a state or district officer is appointed by the governor, the senate must confirm the nominee in order for the nominee to be entitled to hold office. *See Denison v. State ex rel. Alfred*, 61 S.W.2d 1017, 1020-21 (Tex. Civ. App.–Austin), *writ ref'd per curiam*, 61 S.W.2d 1022 (1933). As one court has explained, article IV, section 12

> clearly contemplates that the Legislature may, should it see fit, provide by law for the filling of offices created by it otherwise than by appointment by the Governor, and that in such event confirmation by the Senate is not essential. . . . But where appointment, or perhaps nomination for appointment would be more accurate, is not 'otherwise, provided by law,' that power rests with the Governor. And the clear import, language, and requirement of the Constitution is that any and every appointment by the Governor to fill a vacancy in a state or district office must be with the advice and consent of

> two-thirds of the Senate . . . . And where such required advice and
> consent to such nomination by the Governor is refused, the nominee
> or appointee is not legally entitled to the office.

*Id.; see also* Tex. Atty. Gen. LO-95-024, at 4 (TEX. CONST. art. IV, § 12 "mandates that the senate confirm every gubernatorial appointment to a state or district office in the executive or judicial branch of government. The phrase in article IV, section 12(a), 'unless otherwise provided by law,' permits the legislature to delegate, by statute, the appointing power to an officer other than the governor, but it does not permit the legislature to statutorily bypass the senate confirmation process.").

Chapter 2306 of the Government Code establishes the Texas Department of Housing and Community Affairs and various housing programs. The AHC is a nonprofit corporation provided for by subchapter Y of chapter 2306 that must dedicate its activities to the public purpose of promoting health, safety and welfare by providing housing to those with low incomes. *See* TEX. GOV'T CODE ANN. §§ 2306.552, .553 (Vernon 2000). The board of directors of the corporation consists of five members with expertise in housing or related areas who are appointed by the governor. *See id.* § 2306.554(a). Subchapter Y does not specify whether the board members' appointments must be confirmed by the senate.

It is not clear from the face of subchapter Y whether board members are public officers or merely officers of a nonprofit corporation. *Compare id.* ch. 2306, subch. Y *with* TEX. TRANSP. CODE ANN. § 431.101(f) (Vernon Supp. 2001) (expressly providing that a member of the board of directors of a local government corporation established under Transportation Code, chapter 431, subchapter D "is not a public official by virtue of that position"). Indeed, the subchapter points in both directions. On the one hand, for example, members of the board are entitled to reimbursement of their travel expenses "as provided by the General Appropriations Act," TEX. GOV'T CODE ANN. § 2306.554(c) (Vernon 2000). Another provision elsewhere in chapter 2306 provides that both the Texas Department of Housing and Community Affairs and the AHC are generally subject to the Open Meetings and Open Records Acts. *See id.* § 2306.039. On the other hand, however, the AHC board members are immune from civil liability not as public officers but rather "to the same extent that a volunteer who serves as an officer, director, or trustee of a charitable organization is immune from civil liability under Chapter 84, Civil Practice and Remedies Code." *Id.* § 2306.561(b).

As AHC board members are appointed by the governor, the senate must confirm them if they hold state or district offices within the meaning of article IV, section 12. *See Denison,* 61 S.W.2d at 1020-21. Thus, we must determine whether an AHC board member is a state or district officer within the meaning of that constitutional provision. Over the years this office has construed article IV, section 12 to distinguish between state and district versus local officers, *see* Tex. Att'y Gen. Op. No. O-5153 (1943) (whether person holds state or district office as opposed to a county, municipal, or other local office depends primarily on geographical extent of officer's duties); *see also* Tex. Att'y Gen. LO-95-024, and officers and employees, *see* Tex. Att'y Gen. Op. Nos. JM-58 (1983), WW-190 (1957). As the corporation's duties are not limited to one area of the state, its board members are

not "local officers." Nor do the board members appear to be mere employees. Rather we believe that the corporation's board members are either state officers or officers of a nonprofit corporation.

The distinction between state officers and officers of nonprofit corporations appears to be an issue of first impression. However, in deciding whether the AHC board members are state officers, we are guided by the long-established definition of a public office:

> Public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.

*Kimbrough v. Barnett*, 55 S.W. 120, 122 (Tex. 1900); *see also Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578 (Tex. 1955) (status as an officer as opposed to an employee is determined by "'whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others'") (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.–Galveston 1949, writ ref'd)). Applying these criteria, we conclude that service on the AHC board of directors is (1) a "right, authority, and duty created and conferred by law," and that an AHC board member (2) "is invested with some portion of the sovereign functions of the government," (3) "to be exercised by him for the benefit of the public." Although an AHC board member's term is not fixed by law, we do not believe that this is determinative.

First, service on the AHC board of directors is a "right, authority, and duty created and conferred by law." *Kimbrough*, 55 S.W. at 122. Although it must be incorporated in order to exist, the AHC is a creature of statute, subchapter Y of chapter 2306. *See* TEX. GOV'T CODE ANN. § 2306.552 (Vernon 2000). Its board members are appointed pursuant to law, *see id.* § 2306.554, and the board's and corporation's powers are conferred and limited by law, *see id.* §§ 2306.5545 (requiring board to develop policies relating to employee conflicts of interest), .555 (corporation's powers), .5555 (requiring board to develop and implement public access policies), .557 (governing distribution of corporation's earnings), .559 (requiring corporation to report financial activity to certain state officials on an annual basis), .560 (requiring corporation to undergo yearly audit and to file copy of audit with certain state officials).

Second, the AHC board of directors is "invested with some portion of the sovereign functions of the government." *Kimbrough*, 55 S.W. at 122. Although the AHC is charged with engaging in many activities traditionally associated with the private sector such as "mortgage banking activities and lending transactions and acquiring, holding, selling, or leasing real or personal property," TEX. GOV'T CODE ANN. § 2306.553(a) (Vernon 2000), the corporation has the "powers provided for the [Texas Department of Housing and Community Affairs] under [chapter 2306]," *id.* § 2306.555(a). The department's powers under chapter 2306 include, for example, the authority to "act for and on behalf of this state" and to "adopt and enforce bylaws and rules." *Id.* § 2306.053(b). Given that the

legislature has provided that the AHC has powers coextensive with a state agency, we conclude that its board members are "invested with some portion of the sovereign functions of the government." *Kimbrough*, 55 S.W. at 122.

Third, the AHC board members exert their authority "for the benefit of the public." *Id.* The corporation's charter must specifically dedicate the corporation's activities "to the public purpose authorized by [subchapter Y]." TEX. GOV'T CODE ANN. § 2306.552(b) (Vernon 2000). The corporation's purpose is "to promote the public health, safety, and welfare through the provision of adequate, safe, and sanitary housing" for those with low incomes. *Id.* § 2306.553(a).

The indicia of an office also include tenure "for a given period, either fixed by law, or enduring at the pleasure of the creating power." *Kimbrough*, 55 S.W. at 122. Subchapter Y expressly provides that the AHC is subject to the Texas Sunset Act, TEX. GOV'T CODE ANN. ch. 325 (Vernon 1998 & Supp. 2001), and, unless continued in existence as provided by that Act, is "abolished and [subchapter Y] expires September 1, 2001." *Id.* § 2306.5521 (Vernon 2000). But subchapter Y is silent with respect to the duration of the board members' terms and does not provide for the board members' removal.

A fixed term is an indicium of an office because it helps protect an officer's independence from the control of others. We do not believe, however, that the complete absence in subchapter Y of any provision regarding the duration of board members' terms or their removal from office is significant. It could be merely the result of legislative oversight, or the legislature may have intended for the board members' terms to be governed by the constitution. *See* TEX. CONST. art. XVI, § 30 (providing that duration of offices not fixed by the constitution shall not exceed two years); *see also id.* §§ 30a, 30b (authorizing legislature to establish terms exceeding two years for certain offices by statute). Furthermore, although subchapter Y provides that the AHC must file reports with state officials and entities, *see* TEX. GOV'T CODE ANN. §§ 2306.559, .560 (Vernon 2000), and is subject to audit by the state auditor, *see id.* § 2306.560, we are not aware of any statute that vests the governor, the Texas Department of Housing and Community Affairs, or any other officer or body with the authority to exercise direct control over the AHC or its board of directors. Thus, we do not find AHC board members' lack of a legislatively fixed term dispositive.

In sum, we conclude that the members of the board of directors of the AHC hold state offices within the meaning of article IV, section 12 of the Texas Constitution and that their gubernatorial appointments are therefore subject to senate confirmation.

# S U M M A R Y

Members of the board of directors of the Texas Affordable Housing Corporation hold state offices within the meaning of article IV, section 12 of the Texas Constitution. Therefore, their gubernatorial appointments are subject to confirmation by the Texas Senate.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee