LETWIN et al. v. GULF OIL CORPORATION.

No. 9091.

Court of Civil Appeals of Texas. Austin.

July 1, 1942.

Rehearing Denied Sept. 9, 1942.

Harry S. Pollard, of Austin, for appellant Sam Letwin.

Gerald C. Mann, Atty. Gen., and James D. Smullen, Asst. Atty. Gen., for appellant. Railroad Commission of Texas.

Joe S. Brown, of Houston, and Stanley Hornsby, of Austin, for appellee.

BLAIR, Justice.

This is a Rule 37 case. The Commission granted a permit to drill well No. 7 (third well) on a 7.31-acre tract, or the seventh well on a 18.41-acre tract if the 7.31-acre tract be regarded as a voluntary subdivision; which is admitted. The land is in Rusk County, in the East Texas Oil Field, and the permit was granted as an exception to the applicable Rule 37 to prevent confiscation of property and to prevent waste. No point or proof was made as to confiscation; and the trial to the court without a jury resulted in a judgment cancelling the permit and perpetually enjoining the production of oil from the well; the court holding that there was no substantial evidence to sustain the permit on the ground of waste.

Appellants present three points for determination, each of which we regard as having been settled by the recent cases of Railroad Commission v. Shell Oil Co., Tex. Sup., 161 S.W.2d 1022, and Cook Drilling Co. v. Gulf Oil Corporation, Tex.Sup., 161 S.W.2d 1035.

Point 1 is that the trial court erred in overruling the general demurrer and special exception to Gulf Oil Corporation's petition, particularly upon the ground that it did not affirmatively allege that there was no substantial evidence adduced before the Commission which would sustain the permit on the ground of waste.

The petition is in the usual form of petitions contesting the drilling of oil wells as exceptions to Rule 37. It alleged that no substantial evidence supported the order granting the permit to prevent waste. The trial on appeal is for the purpose of determining whether at the time such order was entered by the Commission there then existed sufficient facts to justify such action; and whether the Commission heard sufficient evidence to support its order is immaterial. The failure of the petition to allege that there was no substantial evidence before the Commission at the time the permit was granted would likewise be immaterial. See cases above cited.

Point 2 is that the trial court erred in overruling the objection of appellants to the admission of the testimony of R. D. Parker as an expert witness for plaintiff, because plaintiff did not present any evidence on the hearing before the Railroad Commission, except a density statement; and that plaintiff should not be permitted to appear for the first time in the trial court and seek to overthrow the Commission's order with evidence which it did not adduce before the Commission.

The Supreme Court held in the cases cited herein that the trial of the validity of an order granting a permit to drill an oil well as an exception to Rule 37 is de novo and is not for the purpose of determining whether at the time the order was entered there was substantial evidence before the Commission to justify the order; but that the question was whether at the time the order was entered there then existed sufficient evidence to justify the entry of the order; and that whether the Commission actually heard evidence to sustain the order is immaterial as regards the court trial.

By Point 3 it is contended that the judgment of the trial court should be set aside and judgment here rendered for appellants because plaintiff failed to discharge the burden of overcoming the presumptive validity of the Railroad Commission's order granting the permit to drill well No. 7 under the exception to Rule 37 to prevent waste; appellants contending that the evi-

dence showed that the order granting the permit was based upon substantial evidence adduced both before the Commission and in the trial court.

Whatever may have been the rule heretofore with regard to the granting of exceptions to prevent waste, the Supreme Court specifically held in the Shell case that while the statutes conferred upon the Railroad Commission the authority to regulate the oil industry so as to prevent waste, and to make reasonable rules for the spacing of wells, it had no right to grant an exception to spacing rules unless and only upon a showing of unusual underground conditions establishing the necessity therefor in order to prevent waste.

 The evidence in the instant case is entirely similar to the evidence adduced in the Shell case. In the Shell case an expert witness for the company attacking the permit testified that there was no condition as to the tract on which the well was to be drilled which differed from the conditions in an eight times circular area around the tract on which the well was drilled. In the instant case it was agreed by the expert witnesses for both appellants and the oil company that the underground conditions surrounding this well and the area eight times the size of the tract involved were similar. The sand thickness of the 18.41-acre tract and that of the eight times area surrounding was substantially uniform, and the testimony to the effect that thick sand required denser drilling applied alike to any area or field and not to any particular condition in the eight times area surrounding the well in question. There was no water encroachment other than the usual encroachment which ordinarily follows the drilling for and extracting of oil, although the eight times area may have been different from other portions of the field not affected by either the drainage or the excessive drilling in question. The six wells already on the 18.41-acre tract had a daily allowable of oil greater than any tract surrounding it, or greater than any tract within the eight times circular area. It is true, in the instant case, as witnesses testified, with the drilling of well No. 7 there would be produced from it and from the tract of land involved 25,000 barrels of oil which would not be produced by any other well then in existence, and that the well was necessary to prevent the waste of this 25,000 barrels of oil. It is also true that

some of the decisions have held that where a competent engineer testifies that a substantial amount of oil will be produced from a well which if not drilled will not be produced by any other well, that the Commission is authorized to grant a permit to drill the well as under the exception to prevent waste. We regard the Shell case, however, as overruling those decisions and as establishing the rule that the drilling of a well as an exception to the general spacing rule is only authorized upon a showing of unusual underground conditions establishing the necessity therefor in order to prevent waste; and the mere fact that some oil may not be recovered which would be recovered by the well, the court seems to regard as being permissible waste. See cases above cited and Gulf Land Co. v. Atlantic Co., 134 Tex. 59, 131 S.W.2d 73.

We find no error in the judgment of the trial court and it is affirmed.

Affirmed.