**WHITE, Mayor, v. BOLNER et al.**
No. 12050.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 28, 1949.

Rehearing Denied Oct. 26, 1949.

687

---

Austin F. Anderson, City Atty., San Antonio, H. Gordon Davis, Asst. City Atty., San Antonio, Woodville Rogers, San Antonio, for appellant.

E. G. Bradley, San Antonio, Harry A. Nass, San Antonio, for appellees.

W. O. MURRAY, Justice.

This suit was instituted in the District Court of Bexar County, Texas, by Joe Bolner, Jr., E. B. Powers and Paul Rubiola, against A. C. White, Mayor of the City of San Antonio, seeking, among other things, a temporary restraining order, and, after a hearing, a temporary injunction enjoining the defendant, A. C. White, as Mayor of the City of San Antonio, from taking any other or further action toward ousting or depriving plaintiffs or any of them of their office as Commissioners of the San Antonio Housing Authority, or in any way interfering with plaintiffs in their use and conduct of said office, and from appointing any other person or persons as commissioners to take the place of plaintiffs, and to have any such person so appointed restrained from taking office and acting as such commissioner.

A temporary order was issued by the trial judge and after a hearing, which was had on the 2d day of September, 1949, a temporary injunction was issued restraining A. C. White as Mayor of the City of San Antonio, from taking any other or further

action to oust plaintiffs, Joe Bolner, Jr., E. B. Powers and Paul Rubiola, or any of them, as commissioners of San Antonio Housing Authority, and also enjoining Henry Castillo, Roland Crutcher, Jr., and William R. Sinkin and each of them (who had on August 25, 1949, been appointed by defendant to take the places theretofore held by plaintiffs) from acting as commissioner or commissioners of the San Antonio Housing Authority, pending the final disposition of the suit.

It appears from plaintiffs' petition that prior to August 4, 1949, the three plaintiffs had been duly appointed and were serving as members of the Board of Commissioners of the San Antonio Housing Authority, and that their terms of office were for a fixed period of time, as provided by the statutes, Article 1269k, Section 5, and that such respective terms of office had not at that time expired. That on August 5, 1949, A. C. White as Mayor of the City of San Antonio decided to oust the plaintiffs as members of the San Antonio Housing Authority Board in keeping with the provisions of Article 1269k, Section 7. On that date he mailed a letter to each of the plaintiffs informing them that on Tuesday, August 16, 1949, at 10:00 o'clock A.M., a hearing would be held in the Council Chamber, City Hall, San Antonio, Texas, for the purpose of determining whether or not they should be removed as commissioners of the San Antonio Housing Authority and in said letter charging each of the plaintiffs with inefficiency and neglect of duty. That on said August 16, 1949, a hearing was held at the time and place designated, and after hearing evidence, on August 25, 1949, the plaintiffs and each of them were notified that they were ousted from their respective offices, and an order to that effect was made by the Mayor.

The record further shows that immediately after making the order removing the plaintiffs as housing commissioners, Mayor White appointed Henry Castillo, Roland Crutcher, Jr., and William R. Sinkin to take the offices theretofore held by the plaintiffs, and that said Castillo, Crutcher and Sinkin took the oath of office and entered upon their duties as members of the

commission of the San Antonio Housing Authority. Thereafter, Mayor White and Castillo, Crutcher and Sinkin were all served with a copy of the temporary restraining order issued by the trial court and have since said time done nothing further toward discharging the duties of the office of commissioner of the San Antonio Housing Authority. The temporary restraining order remained in effect until September 7, 1949, at which time a temporary injunction was issued. Mayor A. C. White, Henry Castillo, Roland Crutcher, Jr., and William R. Sinkin have prosecuted this appeal.

Appellees based their right to a temporary injunction and, on final hearing, their right to be restored to their former offices upon two propositions:

First, that Section 7, Article 1269k, Vernon's Ann.Civ.Stats., providing for the removal of commissioners of housing authorities is unconstitutional and void because it does not provide for a judicial review by a fair and impartial tribunal, and gives the Mayor the sole and exclusive right to pass upon the question of whether housing commissioners have been guilty of inefficiency and neglect of their duties without providing any standard or rule to govern his decision; and

Second, that A. C. White as Mayor of San Antonio acted arbitrarily, capriciously and illegally in removing appellees as commissioners of the San Antonio Housing Authority, and did not predicate his findings upon substantial evidence.

■ We shall discuss these two propositions in the order stated. We overrule the contention that Section 7 of Article 1269k is unconstitutional and void, in that it fails to provide for judicial review by a fair and impartial tribunal. Said article reads as follows: "Sec. 7. For inefficiency or neglect of duty or misconduct in office, a commissioner of an authority may be removed by the Mayor, but a commissioner shall be removed only after he shall have been given a copy of the charges at least ten (10) days prior to the hearing thereon and had an opportunity to be heard in person or by

counsel. In the event of the removal of any commissioner, a record of the proceedings, together with the charges and findings thereon, shall be filed in the office of the clerk."

■ Regardless of whether the statute itself provides for an appeal to a court of justice such an appeal is allowed. In a recent case by the Supreme Court of this State, Fire Department of City of Fort Worth v. City of Fort Worth, 217 S.W.2d 664, 666, Justice Simpson, speaking for the Court, said: "It is generally recognized that even without express statutory authorization the orders entered by the administrative body pursuant to legislative sanction are subject to judicial review. English Freight Co. v. Knox, Tex.Civ.App., 180 S.W.2d 633, error refused. The exercise of this jurisdiction by the courts is not in derogation of the separation of powers among the three branches of government but, on the contrary, is calculated directly to uphold and preserve that principle. Denison v. State, Tex.Civ.App., 61 S.W.2d 1017, error refused [Denison v. State ex rel. allred] 122 Tex. 459, 61 S.W.2d 1022."

■ However, the right to a review by a judicial body does not entitle the appellees to a temporary injunction, the effect of which is to perpetuate them in office pending that review. The record here shows that Mayor White attempted to comply with all of the provisions of Section 7, Article 1269k, supra. That is, he preferred charges against appellees, he gave them ten days' notice of the time and the place where a hearing would be had, and, after giving them a hearing, he entered orders ousting them from their respective offices. This was a substantial or at least a colorable compliance with the procedure prescribed by law for their ouster and, after such substantial or colorable attempt to meet all the requirements of the law, Mayor White had jurisdiction over the question of appellees' ouster from office. 46 C.J. 994. Having jurisdiction and having made an order ousting appellees, this order must be presumed to be correct and must be given effect until the contrary is shown. While

appellees have a right to a judicial review of this matter, they do not have the right to have this action by the Mayor suspended and rendered inoperative pending their judicial review of the matter.

■ It is the policy of courts to interfere as little as possible with the administrative officers in the discharge of their duties, and while the action of Mayor White in ousting the appellees is subject to judicial review, such orders under the facts here shown must be given effect pending that review.

If appellees, upon a hearing upon the merits, are able to show that there was not in existence substantial evidence reasonably sufficient to support the order ousting them, then, and in that event, they would be entitled to have such order set aside and to a mandamus re-instating them to their offices, but until such is shown they must obey the order of ouster.

■ As to appellees' second contention, there can be no doubt as to the rights of appellees to have a hearing in the district court and to present their contention that Mayor White in ousting them from office acted arbitrarily, capriciously and illegally. This may be established by showing that there was not substantial evidence reasonably sufficient to support the order calling for their removal from office. Again quoting from Fire Department of City of Fort Worth v. City of Forth Worth, supra: "An administrative agency, though vested with discretion in its acts, must not exercise its powers arbitrarily or capriciously, and the reasonableness of its orders is, and under our system of government must be, subject to judicial review. Reagan v. Farmers' Loan & Trust Co., [154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014], supra; Brown v. Humble Oil & Refining Co. [126 Tex. 296, 83 S.W.2d 935, 99 A.L.R. 1107], supra. The extent of such a review has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order. Shupee v. Railroad Commission, [123 Tex. 521, 73 S.W.2d 505], supra; Bradley v. Texas Liquor Control Board, [Tex.Civ.App., 108 S.W.2d 300],

supra; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424. There is nothing in Section 18 to suggest that the district court is empowered to do more. Although the statute provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this state, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence.

Letwin v. Gulf Oil Corp., Tex.Civ.App., 164 S.W.2d 234, error refused; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530; Miller v. Tarry, Tex.Civ. App., 191 S.W.2d 501, error refused, no reversible error."

■ Appellees further contend that the removal proceedings were illegal and void, because it was shown that Mayor White had demanded appellees' resignation and had threatened them with removal if they did not resign, and that he was otherwise shown to be prejudiced against them. We overrule this contention. Art. 1269k, supra, provides that the Mayor and no one else has the power to remove housing commissioners and there is no alternative provision for this power to be exercised by anyone else in the event the Mayor is prejudiced against such commissioners. In 46 C.J. 993, § 169(3), we find the following: "Prejudice. Mere prejudice on the part of an officer authorized by statute to remove does not affect his right to remove an officer in conformity with statutory proceedings where no provision is made for a hearing before another officer in such a case, and that a superior officer authorized to try his subordinates on charges preferred had previously reprimanded or disciplined them does not per se, in the absence of statutory mandate prohibiting it, disqualify him from trying them on charges preferred."

The order of the trial court granting the temporary injunction will be reversed and set aside, and the application for a temporary injunction denied.

Reversed and rendered.

SMITH, C. J., absent.