**BOARD OF INSURANCE COMMISSIONERS of the State of Texas, Appellant,**

v.

**June Lee Knight ADAMS et vir, Appellees.**

No. 10364.

Court of Civil Appeals of Texas.

Austin.

Jan. 18, 1956.

Rehearing Denied Feb. 8, 1956.

John Ben Shepperd, Atty. Gen., of Texas, Robert O. Fagg, Asst. Atty. Gen., for appellant.

Cofer & Cofer, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order of June 2, 1955, granting a temporary injunction restraining the Board of Insurance Commissioners, its agents and employees, referred to herein as appellant, from attempting to carry out a refusal to renew the license of June Lee Knight, referred to herein as appellee, as expressed in the letter from appellant dated March 31, 1955, to the Sam Houston Life Insurance Company of Houston, or to enforce the order of the Board dated May 18, 1955, and from doing anything to prevent appellee, as an agent, from solicitation and writing life insurance for the company and from circularizing or in any manner claiming that the appellee, during the pendency of this suit and its final determination, is not entitled to act as a life insurance agent under her license heretofore granted to her and finding that the status quo in the suit to be that the appellee has the right to act as an insurance agent without interference, and expressly authorizing the company to accept insurance from appellee, and that the company shall not be interfered with in so doing, subject to the pains and penalties of contempt.

This appeal is founded on the question of the trial court's power to stay and hold for naught the order of the Board of Insurance Commissioners pending a final hearing on the merits.

We do not believe that the trial court can authorize one, who does not have a license duly issued either originally or in renewal, by the Board of Insurance Commissioners, to act as such pending an appeal on the merits of the case.

The appellee herein had a license to act as an insurance agent, duly issued, expiring by its terms on March 31, 1955.

On February 15, 1955, the Sam Houston Life Insurance Company filed an application for the renewal of the license for and in behalf of June Lee Knight to act as agent with the Insurance Department.

On March 31, 1955, the Department wrote the following letter:

> "March 31, 1955
> "Mr. R. C. Salley, President
> Sam Houston Life
>    Insurance Company
> 3030 Louisiana Street
> Houston, Texas
>
> "Re: June Lee Knight
> "Dear Sir:
>
> "Your renewal application recently received on behalf of the above named individual cannot be honored. The records of this Department reveal that this individual has outstanding complaints on file against him.
>
> "No action will be taken to approve this application until these outstanding complaints are satisfactorily settled. This person is not to solicit insurance or perform other acts of a life, health and accident insurance agent until such time as he has received a license from this Department.
>
> "Yours very truly,
>
> Garland A. Smith
> Life Insurance Commissioner
>
> By
> Joe S. Moore, Director
> Agents Licenses and Investigations"

On April 12, 1955, the Board entered an order setting a' hearing on the application to renew the license of appellee, to be held on April 26, 1955, and set out what the Board alleged as good and sufficient cause existing for the refusal of such license and briefly are that June Lee Knight did appoint Homer B. Adams as an agent for her, who did not have a valid license, to solicit insurance and did act in concert with Adams in soliciting and writing insurance applications for the Sam Houston Life Insurance Company, and that Adams did solicit a policy of insurance from S. J. Mueller of Houston, Texas, for insurance with the Sam Houston Life Insurance Company, who signed the application as the soliciting agent in the name of J. L. Knight; that Adams in like manner solicited from Frank Ledwig, of Houston, Texas, a policy of insurance; that June Lee Knight violated the insurance laws by soliciting and writing insurance without having been appointed by some duly authorized life insurance company to act as principal for Homer B. Adams, etc.; that June Lee Knight had not made application for renewal of her license in her legal name and in view of such acts she does not meet the requirements of Article 21.07, Section 1, T.I.C., of 1951 with regard to good character and reputation.

Thereafter on May 12, 1955, by agreement, the Board proceeded to hear the matter of the renewal of the license of appellee and after a hearing of the complaint and the testimony offered by all interested parties, the Board entered its order as follows:

"Official Minute
of Meeting
Board of Insurance Commissioners
Austin, Texas
Date May 18, 1955

"Members present: Voted
"L. W. Blanchard (Chief Clerk)

Life Insurance Commissioner, Chairman
"Mark Wentz

Life Insurance Commissioner
"J. Byron Saunders .

Casualty Insurance Commissioner

"Subject Considered: Renewal of Life, health and accident, and/or county mutual fire insurance license No. 41336 to June Lee Knight, 2314 Tangley Road, Houston, Texas

"General remarks and action taken:

"On this the 12th day of May 1955 came on for consideration the renewal of license No. 41336 heretofore issued to June Lee Knight, said applicant June Lee Knight having been notified of such hearing by Board Order dated April 12, 1955, and the original date of hearing having been postponed at the request of counsel for applicant.

"June Lee Knight did appear in her own behalf and was represented by counsel; and the Board of Insurance Commissioners, consisting of J. Byron Saunders, Casualty Insurance Commissioner, Mark Wentz, Fire Insurance Commissioner, and L. W. Blanchard, Chief Clerk, acting in the necessary absence of Garland A. Smith, Chairman of the Board, having heard evidence in support of, and in opposition to, the allegations contained in its order of April 12, 1955, hereby finds that each allegation contained in said order is true and correct with the exception of the allegations reading as follows:

" 'It is further alleged that the said June Lee Knight, applicant for renewal of license herein, has not made application for renewal of such life, health and accident insurance license in her correct legal name, and in this connection has used an alias which she is not authorized by law to use.

" 'It is further alleged that on or about February 7, 1952, June Lee Knight signed an original application for life, health, accident, and county mutual insurance license wherein she deposed and swore before a Notary Public that she had answered the questions on such application form, when in truth and fact the questions on such application form were written in by Homer B. Adams. In view of such action, it is herewith alleged that June

Lee Knight does not meet the requirements of Article 21.07, Texas Insurance Code of 1951, with regard to good character and reputation.'

"The Board hereby finds and declares that no evidence was produced at the hearing to support the allegations quoted in the preceding sub-paragraphs.

"It is therefore the Order of the Board of Insurance Commissioners that June Lee Knight be denied renewal of life, health and accident and/or county mutual fire insurance license No. 41336 and said renewal is hereby denied; and further that she be denied any license whatsoever to act as a life, health and accident and/or county mutual fire insurance agent in the State of Texas and any such license is hereby denied.

"/s/ Garland A. Smith

Life Insurance Commissioner, Chairman

/s/ Mark Wentz

Fire Insurance Commissioner

Casualty Insurance Commissioner"

The appellee had the right to appeal from the action of the Board in refusing to renew her license, but the statute does not provide for a stay by the court pending a trial.

Article 21.07, § 4, provides only for the right of appeal as in other civil suits.

The Board, under Article 21.07 was vested with the duty of determining whether a license should be issued, and section 4 provides:

"It shall be the duty of the Board of Insurance Commissioners to make diligent inquiry into the fitness of agents to continue as such, and to cancel a license once issued, or to refuse the application for a new license of any person found not to be of good character or reputation, or who shall willfully violate any of the provisions of this article, or other of the insurance laws of the State of Texas."

Section 4 also provides the procedure that the Board must follow in cancelling a license and provides for a review of such order by redress in the courts. The Legislature made no provision for a stay by the Court on appeal of the Board's order pending appeal and we do not believe that the act intended that such a stay be granted.

Section 13 of Article 21.07–1, providing for an appeal from an order of the Board gives the action (of appeal) a preference over all other causes of a different nature on the docket.

The Board is an administrative body of a discretionary fact finding power and the Court will not substitute its own discretion for that of the Board. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Board of Firemen's Relief and Retirement, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181.

We believe that the status quo in this case is that as of the day the Board entered its order refusing to renew appellee's license that the appellee had no license, any such license having expired by operation of law on March 31, 1955, six weeks prior to the Board's order. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

A license is not a vested right to do business, but is only a privilege granted. Marrs v. Matthews, Tex.Civ.App., 270 S.W. 586, er. ref.; Baldacchi v. Goodlet, Tex. Civ.App., 145 S.W. 325, er. ref.

The effect of the temporary injunction is to suspend the operation of valid statutes, the enforcement of which is the duty and obligation of the Board of Insurance Commissioners. The public has a right to expect and demand of the Board that it discharge its responsibility. The matters of granting or refusing to renew a license are addressed to the discretion of the Board. Reagan v. Guardian Life Insurance Co., 140 Tex. 105, 166 S.W.2d 909.

In Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67, our Supreme Court held that the

appeal did not have the effect of extending the license beyond the one year for which it had been issued.

■ The courts are without power or jurisdiction to grant temporary injunctive relief if the effect thereof is the suspension of valid statutes. State v. Ferguson (State v. Kirby), District Judge, 133 Tex. 60, 125 S.W.2d 272.

The order granting a temporary injunction staying the order of the Board of Insurance Commissioners is dissolved and appellees herein must proceed with their appeal as provided by Article 21.07, Insurance Code of Texas, 1951.

Reversed and temporary injunction dissolved.