**COSMO LIFE INSURANCE COMPANY et al., Appellants,**

v.

**STATE BOARD OF INSURANCE et al., Appellees.**

No. 10606.

Court of Civil Appeals of Texas.

Austin.

Nov. 12, 1958.

Rehearing Denied Dec. 3, 1958.

Dan Moody, Dan Moody, Jr., Austin, for appellants.

Will Wilson, Atty. Gen., Fred B. Werkenthin, James W. Wilson, Houghton Brownlee, Jr., Asst. Attys. Gen., for appellees.

GRAY, Justice.

This appeal is from an order entered in a temporary injunction proceeding.

Cosmo Life Insurance Company, a corporation, G. W. Lee, V. A. Powell and John H. Pierson sued the State Board of Insurance and the Commissioner of Insurance seeking to have declared void and unenforceable a general order of the Board dated February 24, 1958 and effective May 1, 1958, regulating the issuance of credit life insurance and credit health and accident insurance policies. They prayed for a permanent and a temporary injunction restraining the enforcement of the order. As material here the prayer was that the application for a temporary injunction be set for hearing and that "a temporary injunction be granted and a writ of injunction be issued commanding defendants and each of them to desist and refrain from putting into effect or enforcing or causing to be put in effect or enforced the order of February 24, 1958, relating to credit insurance and from taking any action to rescind or supersede the orders now in effect fixing the rates, rules and regulations governing

credit insurance pending final decree herein." The order provides:

"These rules and regulations shall, from May 1, 1958, supersede all prior Board Orders regulating the issuance and sale of credit insurance described herein as the same is defined and regulated by Article 3.53 of the Texas Insurance Code."

Cosmo is engaged in the business of issuing credit insurance policies. G. W. Lee and V. A. Powell are respectively the president and secretary-treasurer of Cosmo. They are the operators of the company and owners of its management contract.

John H. Pierson is an agent engaged in the business of writing credit insurance. It appears that he is a lender agent as the term is defined in Art. 3.53, § 1, subd. D, Texas Insurance Code, V.A.T.S.

The plaintiffs purported to sue for themselves and all other persons similarly situated.

A hearing was had on the application for a temporary injunction. At this hearing relief was granted to Cosmo, pending further orders of the court, restraining the Board from enforcing the order of February 24, 1958.

"* * * on condition that Cosmo keep records showing the names and addresses of all persons to whom policies of credit life insurance or credit health and accident insurance or both are issued under the terms of the prior order of the said State Board of Insurance continued in effect by this temporary injunction as to Cosmo, and on the further condition that in connection with any and all policies so issued, Cosmo deposit in a separate trust account in the American National Bank, Austin, Texas, or such other banking institution as may be approved by the Court, (1) the amount, if any, by which the gross premium collected exceeds the maximum gross premium

permitted under the aforesaid order dated February 24, 1958 on types of policies authorized by said order and (2) the entire premium collected in connection with policies authorized under the prior order continued in effect as to Cosmo but not authorized under the order of February 24, 1958, the said trust fund thus created to be held intact subject only to the further orders and disposition of the Court; * * *."

Relief to John H. Pierson was granted restraining the Board from enforcing the provisions of the order of February 24, 1958.

"* * * restricting commissions to 40% of premiums charged and from proceeding against the plaintiff John H. Pierson in any punitive manner for taking, contracting for, agreeing to take or receiving in any manner commissions of more than 40% of premiums charged, * * *."

Relief to G. W. Lee and V. A. Powell was denied other than as above granted.

The order provided that any person who may intervene in the cause and show themselves to be in the same position as Cosmo or Pierson "shall be afforded the same relief by way of temporary injunction issued on the same conditions; * * *."

All parties excepted to the judgment and have appealed.

The duty of prescribing reasonable and adequate rules, rates and regulations governing the writing and issuing policies of credit insurance is vested in the Board, Sections, 2 subd. B and 7 of Art. 3.53, Texas Insurance Code, with the limitation that the rates "shall be reasonable, adequate, not unfairly discriminatory, and non-confiscatory as to any class of insurer." Art. 5.14, Sec. 3, Texas Insurance Code.

Cosmo and associates do not say that the Board was not authorized to promulgate rules and regulations and fix rates gov-

erning the writing of credit insurance. They say that the order of February 24, 1958 was unauthorized by law and that it is void and unenforceable and pray for relief by temporary injunction.

■ Art. 3.53, Texas Insurance Code, makes it the duty of the Board to promulgate rules and regulations. Sec. 12 of this article gives any interested party a right to a hearing before the Board. Cosmo and associates do not complain that they were not afforded a right to be heard by the Board but they simply complain of an order that the Board was authorized to issue and after hearings did issue. We hold the order is not void but whether it violates Sec. 3 of Art. 5.14, supra, is a matter to be determined on the merits.

Sec. 12 of Art. 3.53, supra, further provides:

"Appeal from any such order or finding may be made within thirty (30) days from its date to one of the District Courts in Travis County, where the matter shall be heard and tried de novo."

That section clearly affords Cosmo and associates the right of judicial review of the complained of order. This is not an appeal under Sec. 12 but we quote that section as express provision by the Legislature for judicial review of the Board's orders.

. ■ Cosmo and associates are entitled to a judicial review of the Board's order but such review does not entitle them to a temporary injunction the effect of which is to perpetuate rules, regulations and rates which the Board by its order of February 24, 1958 superseded. White v. Bolner, Tex. Civ.App., 223 S.W.2d 686, 687, Er. ref.

The above case is directly in point here. There Bolner and others sued White as Mayor of the City of San Antonio, prayed for and was granted a temporary injunction

"restraining A. C. White as Mayor of the City of San Antonio, from taking any other or further action to oust plaintiffs, Joe Bolner, Jr., E. B. Powers and Paul Rubiola, or any of them, as commissioners of San Antonio Housing Authority, and also enjoining Henry Castillo, Roland Crutcher, Jr., and William R. Sinkin and each of them (who had on August 25, 1949, been appointed by defendant to take the places theretofore held by plaintiffs) from acting as commissioner or commissioners of the San Antonio Housing Authority, pending the final disposition of the suit."

Bolner and associates alleged: (1) that Sec. 7 of Art. 1269k, Vernon's Ann.Civ.St., was unconstitutional and void because it did not provide for judicial review, and (2) that "White as Mayor of San Antonio acted arbitrarily, capriciously and illegally in removing appellees as commissioners of the San Antonio Housing Authority, and did not predicate his findings upon substantial evidence."

The court held the section constitutional, allowed a judicial review and then said that the Mayor:

"Having jurisdiction and having made an order ousting appellees, this order must be presumed to be correct and must be given effect until the contrary is shown. While appellees have a right to a judicial review of this matter, they do not have the right to have this action by the Mayor suspended and rendered inoperative pending their judicial review of the matter."

And further said that:

"It is the policy of courts to interfere as little as possible with the administrative officers in the discharge of their duties."

In Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 666, the court consid-

ered the extent of a judicial review of an administrative order and said:

"An administrative agency, though vested with discretion in its acts, must not exercise its powers arbitrarily or capriciously, and the reasonableness of its orders is, and under our system of government must be, subject to judicial review. Reagan v. Farmers' Loan & Trust Co., supra [154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014]; Brown v. Humble Oil & Refining Co., supra [126 Tex. 296, 83 S.W.2d 935, 99 A.L. R. 1107]. The extent of such a review has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order. Shupee v. Railroad Commission, supra [123 Tex. 521, 73 S.W.2d 505]; Bradley v. Texas Liquor Control Board, supra [Tex.Civ.App., 108 S.W.2d 300]; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424. There is nothing in Section 18 to suggest that the district court is empowered to do more.[1] Although the statute provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this state, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence. Letwin v. Gulf Oil Corp., Tex.Civ.App., 164 S.W.2d 234, error refused; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530; Miller v. Tarry, Tex.Civ.App., 191 S.W.2d 501, error refused, no reversible error."

And further said:

"In the statute here under review, the district court's power is limited to either upholding or setting aside the commission's order, and no authority is conferred upon the court to substitute its own for the commission's discretion."

There is no provision in the statute before us authorizing the district court to reinstate rules, regulations and rates in effect prior to the complained of order and the question presented by Cosmo and associates is whether to uphold the order or set it aside.

In Board of Insurance Commissioners v. Adams, Tex.Civ.App., 286 S.W.2d 708, Er. ref., n. r. e., this Court considered an appeal from an order granting a temporary injunction restraining the Board from attempting to carry out its order refusing to renew appellee's license as an insurance agent. We there held that the statute giving appellee the right to appeal from the Board's order does not provide for a stay by the court pending a trial on the merits and dissolved the temporary injunction.

█ It is our opinion that until there is a trial on the merits and the order of the Board is set aside upon a showing that there was not in existence substantial evidence reasonably sufficient to support the order that Cosmo and associates must obey it.

Cosmo and associates complain that the order of the trial court fails to grant them all the relief prayed for, and that as issued the order is conditioned. They do not complain of the relief otherwise granted. Our disposition of the appeal renders unnecessary a further statement of points.

The Board complains of the trial court's order by specific points and says that the granting of any relief was erroneous as a matter of law. We agree that it was error in this proceeding.

The judgment of the trial court is reversed, the temporary injunction is dis-

1. Sec. 12 of Art. 3.53, Texas Insurance Code, V.A.T.S.

solved and the cause is remanded for a trial on its merits.

Reversed and remanded. Temporary injunction dissolved.

HUGHES, J., not sitting.

On Appellants' Motion for Rehearing

In their motion for rehearing appellants say that we were in error in saying in our original opinion that this is not an appeal under Sec. 12 of Art. 3.53, Texas Insurance Code, V.A.T.S., and say that it is such an appeal. We accordingly correct our original opinion and say that this is an appeal under said Sec. 12. However this does not affect or change our holding and decision.

Our original opinion is corrected as above stated and in all other respects appellants' motion for rehearing is overruled.

Granted in part and in part overruled.

HUGHES, J., not sitting.