**Dr. M. Eugene TEAS, Appellant,**

v.

**TEXAS STATE BOARD OF EXAMINERS IN OPTOMETRY et al., Appellees.**

**No. 54.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 27, 1964.

Ben N. Ramey, Houston, for appellant.

Quentin Keith, of Keith, Mehaffy, Mc-Nichols & Weber, Beaumont, Douglas Bergman, Dallas, Walter C. Clemons, Houston, Charles Babb, William Garwood, Austin, Thomas Gee, Waggoner Carr, Atty. Gen., Austin, for appellees.

NYE, Justice.

This is an appeal from an order denying and refusing Dr. M. Eugene Teas a temporary injunction. The appellees are: Texas State Board of Examiners in Optometry; its members; their attorneys; the Attorney General of Texas; his special counsel; intervenors, N. Jay Rogers, S. J. Rogers and Ellis Camp; and their attorneys now employed or to be employed in the future.

Appellant's sworn petition for a temporary injunction alleges that he has a case pending in the district court below wherein the appellees are parties; that they have attempted certain dilatory tactics designed to delay the orderly prosecution of his pending lawsuit; and that, unless enjoined, they will, in the future, impede the orderly disposition of his case by employing additional such tactics.

Appellant further alleges that he filed an amended pleading in his orginal cause of action and at the same time and in anticipation that one or more of the appellees would take action to procure restraining orders or injunctions against him which would delay the trial of his case, made application for a temporary restraining order and a temporary injunction against the appellees which would give him relief from the anticipated delaying tactics of appellees. This temporary restraining order was granted and then dissolved (the record does not indicate whether it was dissolved by operation of law or by action of the trial court.), but the trial court set for hearing the application for temporary injunction on September 16, 1963, at 10:00 a. m. Learning of the dismissal of the temporary restraining order, and fearing that the appellees would file restraining orders or other extraordinary writs on him before the hearing was had on the temporary injunction, appellant secured an additional similar restraining order from another court. Notice was sent to appellees by telegram and this hearing was set likewise on September 16, 1963, at 1:30 p. m., in the same court. There

is nothing in the record before us as to the disposition of the prior original temporary injunction or the results of the hearing thereon, if any. The trial court denied this application for temporary injunction.

There is no statement of facts. Appellant perfected his appeal to the Court of Civil Appeals for the First Supreme Judicial District, and by order of the Supreme Court of Texas this case was transferred to this Court.

Appellees filed a motion in this Court to dismiss the appeal for want of prosecution because appellant did not, within thirty days from and after the filing of the transcript in this Court, file his brief or seek an extension of time within which to do so under the requirement of Rule 414, T.R.C.P. Appellees' motion to dismiss is overruled. No briefs are required in appeals from an order granting or refusing a temporary injunction under Rule 385(d), T.R.C.P.; Dunn v. Patton, 360 S.W.2d 837 (Tex.Civ.App.1962) ; Hotel & Restaurant E. I. A. & B. I. League v. Longley, 160 S.W.2d 124 (Tex.Civ.App.1942) ; Austin v. Consolidated Casting Co., 246 S.W.2d 273 (Tex.Civ.App.1952).

Rule 385(d), T.R.C.P., provides that when the appeal is from an order denying a temporary injunction, " * * * the cause may be heard in the Court of Civil Appeals or the Supreme Court on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below."

Appellant offered no evidence and furnished no supporting affidavits in the trial court. The record before us does not contain a copy of his petition setting forth his original cause of action.

We hold that the trial court did not err in refusing to enjoin the appellees from the acts complained of in appellant's application for injunctive relief. Appellant offered no evidence that the alleged injurious wrong, irreparable in its nature, was immediately threatened. It is within the trial court's discretion to require proof of a probable right to the relief prayed for. Rule 680, T.R.C.P., states that when the application for temporary injunction "comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order." The court inquired of appellant if he had additional testimony to offer in support of the allegations in his application for temporary injunction. Appellant advised the court that he had no such testimony available. Chief Justice Calvert of our Supreme Court said, in the case of Camp v. Shannon, 348 S.W.2d 517 (Sup.Ct.1961), "The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery. If not, no purpose is served by the provisions of Rule 680, Texas Rules of Civil Procedure, limiting the time for which a restraining order granted without a hearing can operate and requiring a hearing before a temporary injunction can issue. If he cannot or does not discharge his burden he is not entitled to extraordinary relief. Writs of injunction should not issue on mere surmise."

The trial court is clothed with broad discretion in determining whether a temporary injunction should or should not be issued. Its order should not be overturned unless there is a clear abuse of discretion. Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235 (1947) ; City of Corpus Christi v. Gilley, 379 S.W.2d 84 (Tex.Civ.App.1964, wr. ref. n. r. e.). The record does not reflect an abuse of discretion in this case.

The judgment of the trial court denying the temporary injunction sought by the appellant is affirmed.

Affirmed.