**BEN WHEELER INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**COUNTY SCHOOL TRUSTEES OF VAN ZANDT COUNTY, Texas et al., Appellees.**

No. 277.

Court of Civil Appeals of Texas.

Tyler.

April 13, 1967.

Rehearing Denied May 4, 1967.

Lawrence & Lawrence, W. Dewey Lawrence, Tyler, for appellant.

Wynne & Wynne, Gordon R. Wynne, Wills Point, for appellees.

MOORE, Justice.

This is an appeal from a judgment denying appellant's application for a temporary injunction and granting a temporary injunction in favor of appellee.

The controversy arose when appellee, County School Trustees of Van Zandt County, acting under the authority granted by the provisions of Article 2922a, Vernon's Ann.Tex.Civ.St., entered an order annexing Ben Wheeler Independent School District to the Van Independent School District. Appellant, Ben Wheeler Independent School District, appealed from the order by filing this suit against the County School Trustees and the Van Independent School District as provided for under the provisions of Article 2686, V.A.T.S. In its petition, appellant alleged that the order of the County School Trustees, dated July 8, 1966, annexing the two school districts, was null and void because the order was arbitrary, unreasonable and without basis or support in fact or in law. Ancillary to the main suit, appellant also sought a temporary injunction against the County School Trustees and Van Independent School District, restraining them from enforcing the order pending final determination of the main suit.

Appellees answered the suit with a general denial. Also, appellee, Van Independent School District, by way of a cross action, sought a temporary injunction against the trustees of the Ben Wheeler Independent School District, to restrain the trustees from interfering with the appellees in carrying out the order of annexation.

After a hearing, the trial court denied appellant's application for temporary injunction and entered an order granting a temporary injunction in favor of appellee, Van Independent School District, restraining and enjoining the Ben Wheeler District from interfering with the Van District in carrying out the orders and directions of the County Board of School Trustees pending a final decree therein.

Appellant, Ben Wheeler Independent School District, has perfected this appeal and contends by a sole point of error that the trial court erred in granting the temporary injunction in favor of appellee and in denying the application of appellant for temporary injunction because such action destroyed the status quo and denied to appellant the preservation of the last, actual, peaceful and non-contested status which preceded the controversy.

Article 2922a, supra, grants authority to the County School Trustees to annex independent school districts to other independent school districts. That portion of Article 2922a concerning annexation provides, in part, as follows:

"In each organized county in this state, * * * the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent school district

having two hundred fifty (250) or more scholastic population. * * *"

Under the provisions of the foregoing statute, discretionary authority is vested in the County School Trustees to annex one independent school district to another independent school district and in so doing, the County Trustees may act upon their own motion without a petition from or notice to the school district affected. Prosper Independent School Dist. v. County School Trustees (Tex.Com.App.), 58 S.W.2d 5.

Except for the order of annexation, the only evidence before the trial court at the injunction hearing was the testimony of the Chairman of the Board of the Ben Wheeler District. The record shows that he was called as a witness by appellees. His testimony, consisting of only three pages, shows that although the trustees of the Ben Wheeler District were cognizant of the order of annexation, they had continued to operate the school in defiance of the order of the County School Trustees.

The order of annexation, dated July 8, 1966, shows that the two districts were contiguous; that the Van District had a scholastic population of more than 250 and that the Ben Wheeler District had a scholastic population of less than 250, and that the County Board of School Trustees of Van Zandt County, after considering the matter, had determined that the annexation of the two districts would be to the best interest of both the scholastics and the county as a whole and that it was so ordered.

■ A decision of an administrative agency is ordinarily presumed to be valid. 1 T.J.2d, Sec. 29, page 670, 671; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424.

■ Generally speaking, where an applicant seeks a temporary injunction to preserve the status quo, he need only show the existence of a probable injury and a probable right of recovery; he is not required to establish that he will prevail in the litigation. Walling v. Kimbrough (Tex. Civ.App.), 365 S.W.2d 941, aff'd., Tex., 371 S.W.2d 691. Nevertheless, however, applicant would still have the burden of offering some evidence which, under applicable rules of law, would tend to establish a probable wrong and a probable right of recovery. If he cannot or does not discharge this burden, he is not entitled to the extraordinary relief. Writs of injunction should not issue on mere surmise. Camp v. Shannon, 162 Tex. 515, 348 S.W. 2d 517; Teas v. Texas State Board of Examiners in Optometry (Tex.Civ.App.), 382 S.W.2d 122.

■ As pointed out before, appellant failed to offer any evidence which would tend to show that the order of annexation was not accomplished in accordance with the provision of the statute or that the Board failed to conduct a hearing thereon. Nor did appellant offer any evidence which would tend to show that upon a final hearing, appellant would probably be able to offer evidence of some type showing that the order of annexation was either arbitrary, capricious or in bad faith. As we see it, appellant failed to discharge its burden of proof in that no evidence of probative force was offered tending to show a probable wrong or a probable right, and as a result, appellant would not be entitled to the extraordinary writ of injunction maintaining the status quo. 31 Tex.Jur.2d, Sec. 148, page 262; Camp v. Shannon, supra, and Teas v. Texas State Board of Examiners in Optometry, supra. Appellant's cause being without support in the evidence, it follows that the trial court did not abuse his discretion in refusing to grant a writ maintaining the status quo.

■ In reaching this conclusion, we are not unmindful of the rule that the trial court is authorized under some circumstances to decide fact issues in a hearing for temporary injunction on the basis of the sworn pleadings considered as affidavits. Lee v. Howard Broadcasting Corporation (Tex.Civ.App.), 305 S.W.2d 629.

Even so, however, it appears to us that the sworn petition would be insufficient as a means of proof in that it fails to allege any facts which would show a probable wrong or a probable right. But even if the petition should be deemed sufficient, we nevertheless do not believe that it would necessarily follow that the trial court abused his discretion in refusing to maintain the status quo under the circumstances which existed here. The situation presented is somewhat unusual in that it involves conflicting rights asserted by two interdepartmental government agencies, each of which claims a right to perform a governmental function in the executive branch of the government.

Under such circumstances, the right of a judicial review of the orders of the County School Trustees would not entitle the Ben Wheeler District to a temporary injunction, the effect of which would be to perpetuate the district and thwart the efforts of the former in carrying out its duty. White v. Bolner (Tex.Civ.App.), 223 S.W. 2d 686, writ ref. The question of whether Ben Wheeler had a right to the preservation of the status quo would be a matter for the application of sound judicial discretion. The trial court in the exercise of his discretion determined that under the circumstances, an order maintaining the status quo was not warranted.

■ It is always the duty of a court of equity to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief especially where governmental action is involved; courts should not intervene unless the need for equitable relief is clear, not remote or speculative. 2 Am.Jur.2d, Sec. 627, pages 474, 475; Eccles v. Peoples Bank of Lakewood Village, Cal., 333 U.S. 426, 68 S.St. 641, 92 L.Ed. 784.

■ It is a well settled rule of law that trial judges are endowed with broad discretion in granting or denying injunctions. Accordingly, the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589.

Under the particular facts and circumstances presented here, we have determined that no abuse of discretion is shown and consequently the trial judge did not commit error in refusing to grant a temporary injunction maintaining the status quo.

[10] What we have heretofore said renders unnecessary a discussion of the propriety of the court's ruling restraining appellant from interfering with the process of annexation. If appellants were not entitled to an injunction maintaining the status quo, it would obviously follow that the ruling of the trial court restraining appellant from interfering with the orderly process of annexation of the two districts was proper.

For the reasons stated, the judgment of the trial court is affirmed.