**Stanley V. RUSH, Appellant,**

v.

**SPIN–IN–MARKET, INC., Appellee.**

**No. 7828.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 14, 1976.

Maurice L. Bresenhan, Jr., Houston, for appellant.

James N. Hull, Houston, for appellee.

PER CURIAM.

The appeal is from an order granting a temporary injunction, the order having been entered on January 23, 1976. The transcript was timely filed on February 11, 1976; but the court reporter was unable to prepare the record on time; but, finally, on August 18, 1976, the statement of facts was filed.

On the same day, August 18, 1976, our clerk duly notified the parties that the appellate record was complete and that the cause was set for submission and oral argument on October 21, 1976. Appellant's counsel acknowledged receipt of such notice by a letter of August 20, 1976, advising that he would present oral argument for the appellant.

Thus the brief of the appellant was due to be filed in this court on or before September 17, 1976, unless for "good cause

shown" the time for the filing of such brief was extended by this court. Tex.R.Civ.P. 414. No brief has been filed nor has appellant sought an extension of time within which to file such brief.

On October 7—two weeks before the date for submission of this cause—appellee filed its motion to dismiss this cause for failure to comply with the rules relating to the filing of briefs. Tex.R.Civ.P. 415.

Subdivision (d) of Tex.R.Civ.P. 385 was rewritten by the Supreme Court in an amendment effective January 1, 1976. Before such amendment, the failure to file a brief in an appeal from an interlocutory injunction order was not ground for dismissal of the appeal. See, e. g., *Arrow Chemical Corporation v. Anderson*, 386 S.W.2d 309, 312 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.); *Teas v. Texas State Board of Examiners in Optometry*, 382 S.W.2d 122, 124 (Tex.Civ.App.—Corpus Christi 1964, no writ), and cases therein cited.

However, the newly amended rule governing appeals from interlocutory orders granting or refusing injunctive relief requires the filing of briefs in accordance with the usual rules governing appeals from final judgments *unless* the appellate court shall otherwise order. We quote the operative language in the margin.[1]

No party sought to advance the submission of this cause and we have entered no order shortening the time for the filing of briefs nor have we entered any order permitting the cause to be submitted without briefs. Consequently, the matter of filing of briefs is governed by Tex.R.Civ.P. 414. It is clear that appellant has not complied with the provisions of this rule nor has he shown any excuse for not complying therewith.

Even if the appellant sought leave at this late date to file the brief, the appellee

---

1. *Rule 385 (d)*, as amended and effective at all time material to this cause, reads: "When the appeal is from an order granting or refusing a temporary injunction, . . . the cause may be heard in the Court of Civil Appeals . . . under the rules and statutes pertaining to . . . the filing of briefs that are applicable to appeals from final judgments except . . . the court may *by order* shorten the time for filing briefs. . . . " (emphasis supplied)

would have less than twenty-five days to reply thereto.

Consequently, as held in *Rodriguez v. Flores*, 426 S.W.2d 285, 286 (Tex.Civ.App.—San Antonio 1968, no writ), the appellee "would, presumedly at least, suffer consequential injury." Since the appellant has not filed his brief within the time provided by the rules, and he has alleged no good cause for such failure, it is proper to dismiss the appeal for want of prosecution. Tex.R. Civ.P. 415; *Tello v. Hankins*, 468 S.W.2d 115 (Tex.Civ.App.—El Paso 1971, no writ).

We have, nevertheless, examined the record and do not find fundamental error apparent on the face thereof. *Pena v. Petroleum Casualty Company*, 441 S.W.2d 657, 658 (Tex.Civ.App.—Beaumont 1969, no writ).

The appeal is dismissed.