Robert G. HOLLAND et al., Appellants,

v.

KEM MANUFACTURING CORPORATION, Appellee.

No. 1500.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 13, 1977.

Gerald Weatherly, Dallas, for appellants.

Jess Hall, Jr., Liddell, Sapp, Zivley & Brown, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order issuing a temporary injunction.

Kem Manufacturing Corporation (appellee or Kem) filed suit against two of its former salesmen Robert G. Holland and Dwight L. McMillan (appellants or Holland and McMillan) to enjoin them from engaging in the business of selling sanitary main-

tenance chemicals, supplies, and equipment as agents for Combined Laboratories, Inc. Kem alleged that Holland and McMillan's sales activity was in direct breach of their former employment contract with Kem. The contract contained a covenant restricting them from engaging in the production or marketing of similar sanitary products within a specified territory for two years after termination of their employment. The trial court found that the employment contract was valid, that both defendants were in violation thereof, that Kem would suffer injury if both Holland and McMillan were not restrained, and that Kem had no adequate legal remedy. Consequently, a two-year temporary injunction was ordered effective from the dates of the defendants' termination of employment with Kem or until a hearing on the merits, whichever was less.

Both Holland and McMillan appealed this order. Appellee has filed a motion to dismiss the appeal pursuant to Tex.R.Civ.P. 415 stating that appellant failed to file a brief within the time required under rule 414. Prior to January 1, 1976, article 4662 of our Texas statutes made the filing of briefs optional from the granting or denial of the temporary injunction. Tex.Rev.Civ. Stat.Ann. art. 4662 (1952). Effective January 1, 1976, Rule 385 Tex.R.Civ.P. was adopted by the supreme court. Rule 385(d) states:

> When the appeal is from an order granting or refusing a temporary injunction, or granting or overruling a motion to dissolve such an injunction, the cause may be heard in the Court of Civil Appeals or the Supreme Court under the rules and statutes pertaining to transcripts, statements of fact, and the filing of briefs that are applicable to appeals from final judgments except as to the time for filing transcripts and statements of fact, and except that the court on motion of any party or by order of the court may advance the appeal and give it priority over other cases pending therein, and the court may by order shorten the time for filing briefs. The court may also allow such cases to be submitted without briefs. Such appeal shall not have the effect of suspending the order appealed from, unless it shall be so ordered by the court or judge entering the order.

Under this new rule the filing of briefs is no longer optional but subject to the rules applicable to final judgments. Tex.R.Civ.P. 414. The appellate court has discretionary power to allow the appeal to be submitted without briefs. In this case, however, the appellants' attorney did not file for leave to invoke this court's discretionary power. He has offered no excuse for his late filing under rule 414.

For these reasons, then, we sustain appellee's motion to dismiss the appeal. *See Rush v. Spin-In-Market, Inc.,* 543 S.W.2d 677 (Tex.Civ.App., Beaumont 1976, no writ).

Appeal dismissed.